# Riley et al. v. Commonwealth.

May 30, 1939.

Williams & Allen and Moss Noble for appellants.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The grand jury of Breathitt County returned an indictment against Walter Riley and Ben King charging them with the crime of robbery. The accused were tried together, both were convicted, and the punishment of each was fixed at 21 years' confinement in the state penitentiary.

The accusatory part of the indictment reads:

"The Grand Jury of Breathitt County, in the name and by the authority of the Commonwealth of Kentucky, accuse Walter Riley and Ben King of the crime of robbery committed in manner and form as follows, to-wit."

In the body of the indictment they were charged with taking, stealing, and carrying away "from and off of the person of Charlie Spicer .75 cents in lawful money by putting the said Spicer in fear of some immediate danger and against his will and consent."

Charles Spicer, a negro, was employed by the Works Progress Administration. He testified that Riley and King were present at the post office in Jackson, Kentucky, when he received a $23 check, and one

of them remarked that he had received a nice check. Later in the day he gave Riley .50 cents and asked him to purchase a pint of moonshine whisky. Shortly after dark on the same day, he met Riley in an alley in Jackson and asked him for the whisky. Thereupon Riley struck him on the head with "something harder than his fist," and King appeared on the scene, put his hands in Spicer's pockets, and took .70 cents. King and Riley then ran through the alley and disappeared. Riley admitted that he had a difficulty with Spicer in the alley, but claimed that Spicer was drunk and assaulted him, and that he struck Spicer with his fist in self-defense. Both Riley and King denied that they took any money from Spicer's person.

The court instructed the jury on robbery, and also on assault with intent to rob, a crime defined by Section 1160 of the Kentucky Statutes, which reads:

"If any person, with an offensive weapon or instrument, shall unlawfully and maliciously assault, or in or by any forcible and violent manner, demand any money, goods or chattels, bond, bill, deed or will, or other evidences of right, or other thing of value of or from any other person, with an intent to rob or commit a robbery upon such person, he shall be guilty of a felony and upon conviction shall be punished by confinement in the State Penitentiary for twenty-one years or for life, or by death, in the discretion of the jury."

Section 1159 of the Statutes provides that a person guilty of robbery shall be confined in the penitentiary not less than two nor more than ten years. Other instructions, including one on assault and battery, were given, but no complaint is made of them.

The indictment was not sufficient to charge the offense denounced by Section 1160 of the Statutes, and no instruction under that statute should have been given. Lanter v. Commonwealth, 268 Ky. 53, 103 S. W. (2d) 693. Whether the evidence was sufficient to authorize an instruction on the crime of assault with an offensive weapon with intent to rob, if the indictment had charged such an offense, need not be determined. The indictment was for robbery only, and did not charge that the appellants, with an offensive weapon or instrument, unlawfully and maliciously assaulted Spicer with intent to rob him or by any forcible and violent manner de-

734

manded any money or property of him. The court erred not only in giving an instruction under Section 1160 of the Statutes, but it also erred in its instruction as to the punishment for the crime of robbery.

Instruction No. 1 was on robbery, and told the jury if they found the defendant guilty to "fix his punishment at confinement in the state penitentiary for a period of not less than 21 years, life, or death, in their discretion." This is the punishment prescribed, not for robbery, but for the offense defined by Section 1160 of the Statutes. Instruction No. 2 was under Section 1160 of the Statutes, and told the jury if they found the defendant guilty under that instruction to "fix his punishment at confinement in the penitentiary for a period of not less than 2 years and not exceeding 10 years, in their discretion." Apparently the jury believed the appellants were guilty of robbery and not the crime denounced by Section 1160 of the Statutes, but, due to the error in instruction No. 1, fixed their punishment at 21 years' imprisonment, when the maximum punishment for robbery is 10 years' imprisonment.

Complaint is made of the admission of certain evidence, but in only one instance was an objection made and no exception was taken.

For the reasons indicated, the judgment is reversed, with directions to grant appellants a new trial.