**Bobby NAPIER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 20, 1962.

Denver Adams, Hyden, for appellant.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

STANLEY, Commissioner.

Watt Roberts and his wife, Nannie, lived in a two room house in a remote section of Leslie County. Early in the night of July 30, 1960, according to their evidence, the appellant, Bobby Napier, and Walter "Possum" Howard broke through their door, brutally attacked and wounded both of them with a club and took Mrs. Roberts' purse containing $190 from a peg in the wall. An indictment charged Napier and Howard with armed robbery. On Napier's separate

trial he and Howard were positively identified by the victims of the crime as the culprits. There were corroborating circumstances. Napier's defense was an alibi.

**▇** "Armed robbery" is implicitly defined by statute as the commission of robbery by the use or display of a "pistol, gun or other firearm or deadly weapon." The punishment prescribed is either life imprisonment or death. KRS 433.140. The court, nevertheless, instructed the jury that if they should believe from the evidence beyond a reasonable doubt that the defendant had robbed Nannie Roberts of $190 by putting her "in fear of bodily harm by the use and display of a club or clubs, an offensive weapon or weapons," they should find the defendant guilty of "robbery by the use and display of an offensive weapon or weapons and fix his punishment at confinement in the penitentiary for 21 years, life or death, in the discretion of the jury." The verdict, written on the instructions, was, "We, the jury, find him guilty and give him 21 years." The judgment imposed that penalty as being for armed robbery. That was unauthorized. Thomas v. Maggard, Ky., 313 S. W.2d 271.

**▇** It is readily apparent that the instruction was erroneous in permitting conviction of the crime charged if it was committed by the use of an *"offensive weapon"* rather than "deadly weapon," and the imposition of a penalty not prescribed by the statute for armed robbery. Riley v. Commonwealth, 278 Ky. 732, 129 S.W.2d 581. The statute fixing punishment for *"armed assault* with intent to rob" uses the term "offensive weapon" rather than deadly weapon and authorizes a penalty of imprisonment for 21 years or for life or by death. But an "offensive weapon" is not necessarily a "deadly weapon." Murphy v. Commonwealth, 255 Ky. 676, 75 S.W.2d 341.

**▇** As stated, the evidence was to the effect that the defendant had used a club. It was indefinitely described as being "as long as my arm" and "as big around."

Further examination described the club as about twelve inches long and two inches in diameter. A proper instruction should have conditioned conviction of armed robbery upon a finding by the jury that such a club was a "deadly weapon." See Instructions to Juries, Stanley, § 843. Another instruction should have been, in effect, that if the jury should believe from the evidence that the instrument used was not a deadly weapon as therein defined, they could find the defendant guilty of common law robbery under a proper instruction on that crime.

The judgment is reversed.