## Commonwealth v. Crawford.

Feb. 7, 1941.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellant.

George T. Skinner, John I. Macey and M. M. Benton for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Roscoe Crawford, a sixteen year old boy, was convicted of the crime of housebreaking in the Whitley Circuit Court and his punishment was, by the verdict of the jury, fixed at one year in the penitentiary. He was sentenced to one year's confinement in the House of Reform at Greendale in Fayette County and was received in that institution on October 28, 1939. After serving the one-year term fixed by the Whitley Circuit Court, he was granted a writ of habeas corpus by the Fayette Circuit Court and ordered discharged, but the execution

of the judgment was suspended in order that the Commonwealth might appeal. This appeal is now prosecuted from the order of discharge by the Superintendent of the House of Reform on behalf of the Commonwealth.

Numerous authorities, from this and other jurisdictions, are cited by the Commonwealth to the effect that a habeas corpus proceeding is a collateral attack on a judgment under which a prisoner is confined and may be sustained only where the judgment is void. The correctness of this contention is not open to doubt in our jurisdiction. Hageman v. Kirkpatrick, Jailer, 283 Ky. 798, 143 S. W. (2d) 506; Department of Public Welfare v. Polsgrove, Judge, 250 Ky. 517, 63 S. W. (2d) 603. Many authorities are then cited to the effect that a judgment imposing a lesser punishment than the minimum provided by law is merely erroneous. This position may, in general, be conceded to be sound, at least where authority is vested in the court to impose sentences to a particular institution for varying lengths of time. 8 R. C. L. 238; 29 C. J. 61. It is then argued that as Crawford was sentenced for a lesser time than the minimum provided by law, the sentence was merely erroneous and habeas corpus will not lie. The authorities cited, however, deal with cases in which the release of the prisoner by habeas corpus was sought before the expiration of the term for which the prisoner was sentenced. It seems axiomatic that the superintendent or head of a penal institution may not hold a prisoner in confinement after the expiration of the term provided in the commitment under which he is held. Were there any doubt as to this proposition, it is removed by Kentucky Statutes, Section 2095b-13, dealing with the confinement of girls and boys in the House of Reform, which provides in part:

"* * * When any one is convicted and sentenced under this law, the superintendent or authorities shall take said person and keep them in said institution as stated in the judgment of conviction and shall not be allowed the discretion of refusing to receive said persons so convicted."

In accordance with this statute, the Superintendent of the House of Reform may keep the inmates thereof only as stated in the judgment of conviction. It would

indeed be a dangerous precedent should we hold that the head of a penal institution might detain a prisoner beyond the term the order of commitment of the prisoner authorizes him to be held. Here the commitment was for one year and, this term having expired, the circuit court was clearly correct in ordering his release.

We find many authorities, however, which hold that where a prisoner is released by habeas corpus by reason of the imposition of an unauthorized sentence he may be remanded for proper sentence to the court in which he was convicted. See the many cases cited in the annotation to the reported case of Lee Lim v. Davis, Warden of State Prison (Utah), 76 A. L. R. 460. The argument is made in behalf of appellee, however, that no power exists in a court after the expiration of a term at which a prisoner was convicted and sentenced to correct that sentence. We find the rule to be to the contrary in our jurisdiction as well as in those referred to in the A. L. R. annotation. In Jackson and Sims v. Commonwealth, 187 Ky. 760, 220 S. W. 1045, 1046, 9 A. L. R. 955, two boys, 18 and 19 years of age, were sentenced to the School of Reform. After being there ten days they were discharged on a writ of habeas corpus because no power was vested in the court to sentence boys of their age to that institution. A special term of court was called and they were re-sentenced to the penitentiary. It was contended on appeal that the circuit court had lost jurisdiction of the case after the trial term was adjourned and had no power to enter any order at a subsequent term. In denying this contention we said:

"Looking to the substance, rather than to form, and to the merits, rather than to useless rules of procedure, this court has adhered to the doctrine of allowing the trial court at a subsequent term to correct an erroneous sentence to conform to the law and thus meet the ends of justice, rather than cling to a form or rule which obstructs justice and gives the criminal the advantage on some technical error."

We are here dealing with an unauthorized sentence as was the situation in the Jackson and Sims case. The circuit court is vested with authority to commit prisoners to the House of Reform but must commit them until

the time they arrived at the age of 21 years. In the Jackson and Sims case the court was vested with authority to commit prisoners to the House of Reform but had no authority to commit the particular prisoners because they were beyond the age below which they could be committed to that institution.

That the sentence of a minor to the House of Reform for a lesser period than his minority is wholly unauthorized is no longer open to question. Under Section 2095b-13 considerable doubt arose as to whether a minor could be sentenced to the House of Reform for a term of years but the Legislature, recognizing this doubt, removed it by the enactment of Chapter 43 of the Acts of 1922, now Kentucky Statutes, Section 2095c-1 et seq. By that act it was provided that "all commitments by county courts or other courts having power to commit minors to the houses of reform shall be until such minors shall arrive at the age of twenty-one." Thus we see that the Whitley Circuit Court was without power or authority to sentence the appellee, Crawford, to the House of Reform for one year—the sentence imposed was wholly unauthorized. This being true, the proper and legal sentence may still be imposed by the Whitley Circuit Court. The imposition of sentence by the circuit court was purely a ministerial act when that court denied probation and proceeded to sentence—this being true, the imposition of the proper sentence could have been compelled by mandamus. Not only so, but the Superintendent of the House of Reform would have been justified in refusing to receive a prisoner thus illegally committed to that institution.

In view of the considerations enunciated, the Fayette Circuit Court on granting the prisoner's discharge should have remanded him to the Whitley Circuit Court for proper sentence. The judgment will be modified to this extent, and as thus modified it will stand affirmed.