## Hoskins v. Buchanan.

October 21, 1949.

Charles Hoskins, per se.

A. E. Funk, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

JUDGE THOMAS—Affirming.

On March 4, 1947, the appellant, Charles Hoskins, was convicted of murder at his trial in the Bell circuit court and sentenced to imprisonment for life, followed by his incarceration in the State Reformatory at Eddyville, Kentucky.

Counsel of considerable experience was appointed

to defend him and he conducted the trial. No motion for a new trial was made, nor an appeal prosecuted to this court. The record of the trial court is not here and there being no appeal prosecuted indicates that there was no bill of exceptions filed.

On May 12, 1949, appellant in person filed in the Lyon circuit court, it being the county in which he was imprisoned, his petition against Jess Buchanan, Warden, seeking a writ of habeas corpus to obtain his release from imprisonment upon two grounds alleged therein. They are: (1) That the court erred in sustaining a demurrer filed to his petition which alleged that the descriptive part of the indictment contained this language: "The said Charles 'Bull Dog' Hoskins in the said county of Bell * * * did unlawfully, wilfully, maliciously, feloniously and of his malice aforethought kill, slay and murder George Otis Laws," etc. The sole defect urged against the indictment is that it contained the words "Bull Dog," an undoubted nickname of petitioner and was evidently employed to clearly identify him. Ground (2) is that the Bell circuit court overruled his motion to continue his trial under the indictment although no ground for continuance is alleged in appellant's petition, except that his case was called for trial seven days after the return of the indictment against him.

The order of the Bell circuit court at that stage of the proceedings is copied into appellant's petition, and it recites that "defendant made oral showing which the Commonwealth agreed that he could testify what his absent witnesses would testify if present in court and thereupon both sides (announced) ready and came the following jury," etc. (Our parenthesis).

It is not alleged that any absent witness had been subpoenaed, nor what their testimony would be so as to enable this court to determine the materiality thereof. The Bell circuit court had jurisdiction of the subject matter and of petitioner's person and if the recited omitted facts in appellant's petition herein were incorporated therein they would constitute only errors to be corrected by an appeal to this court which, as we have seen, was not prosecuted. Nor do we conclude that the indictment was demurrable by containing the words "Bull Dog" in describing defendant therein.

In the case of Sharpe v. Commonwealth, 292 Ky. 86, 165 S. W. 2d 993, a case very similar in its facts to those in this one and brought here from the same county, it is recited that appellant applied to the Federal District Court for the Western District of Kentucky for a writ of habeas corpus which that court denied in an opinion reported in, Ex parte Sharpe, 36 F. Supp. 386. Its judgment was appealed to the Sixth Circuit Court of Appeals with like results. Sharpe v. Buchanan, 121 F. 2d 448. Judge Fulton who wrote the opinion for this court said (292 Ky. 86, 165 S. W. 2d 995) :

"The basis of the decision was that appellant had not sought in the state courts a writ of habeas corpus challenging the validity of his trial and sentence and had not shown that corrective judicial process was not available in the state courts. * * *

"This court has consistently held that the Civil Code provisions for obtaining new trials are not applicable in criminal cases and that a new trial on the ground of newly discovered evidence cannot be granted in criminal cases after the expiration of the term at which judgment was rendered. Wellington v. Commonwealth, 159 Ky. 462, 167 S. W. 427; Greer v. Commonwealth, 165 Ky. 715, 178 S. W. 1027. It is rather clearly intimated in those cases that the only avenue open for relief, even where newly discovered evidence clearly indicates that one was erroneously convicted, is application for executive clemency under the pardoning power."

The opinion then recites and holds that the writ of habeas corpus is not available, except when the judgment of conviction is *wholly void* and is not available to obtain relief from mere errors committed by the court trying the petitioner on the indictment against him. See also the cases of Adams v. Tuggle, 300 Ky. 751, 189 S. W. 2d 601; Smith v. Henson, 298 Ky. 182, 182 S. W. 2d 666; Anderson v. Buchanan, 292 Ky. 810, 168 S. W. 2d 48; and the two cases of Jones v. Commonwealth, 269 Ky. 772, 108 S. W. 2d 812, and Id., 269 Ky. 779, 108 S. W. 2d 816. There are many other opinions of this court so limiting the scope and availability of the remedy of habeas corpus, all of which are of the same tenor as the above recited cases, each of which are in accord with the general principles of the law applicable to that remedy.

In the article, Habeas Corpus, 25 A. J. 150, section 10, it is said: "Although habeas corpus is in the nature of a writ of error which brings up the body of the prisoner with the cause of commitment, the proceeding is in no sense appellate for the purpose of reviewing errors, but is collateral and implies a challenge of jurisdiction."

In section 13 of that volume, page 151, it is said: "The inquiry on a writ of habeas corpus is addressed not to errors committed by a court within its jurisdiction, but to the question of whether the proceedings or judgment under which the petitioner is restrained are void."

Further along in the same article, on page 155, section 19, the text says: "As a general rule, a writ of habeas corpus will not be granted where relief may be had or could have been procured by resort to another general remedy, such as appeal or writ of error."

Each excerpt from the quoted text is amply supported by authorities cited in the notes thereto.

In the circumstances it appears that the Lyon circuit court committed no error in sustaining appellee's demurrer filed to the petition and dismissing it upon his declining to plead further.

Wherefore, the judgment is affirmed.