## Wooten v. Buchanan.

October 28, 1949.

See also Ky. 222 S. W. 2d 186.

Wilson Wooten, pro se.

A. E. Funk, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

JUDGE THOMAS—Affirming.

This is another one of many habeas corpus proceedings appealed to this court from the circuit courts of Oldham and Lyon counties, in each of which one of the state's penitentiaries is now located. The applications for the writs, including this one, are prepared and prosecuted by the petitioners in person without representation of counsel. Although this court has been more or less beseiged with such self prosecuted proceedings, it has never sustained any of them.

In this case the petitioner was indicted by the grand jury of Marion County at its April, 1944, term in which he was accused of murder, his victim being George Lundy. The homicide occurred near 12 o'clock p. m. at Woodland Inn, a roadhouse in Marion County.

At petitioner's trial during the September, 1944, term of that court he was convicted of murder and punished by confinement in the penitentiary for his natural life. He was represented at the trial by employed counsel, who were Charles C. Boldrick, Henry Boldrick, and P. K. McElroy. His conviction was affirmed by this court in the case of Wooten v. Commonwealth, 299 Ky. 598, 186 S. W. 2d 652, but one Benjamin Mazin represented him on his appeal. The facts, as well as the alleged errors of the trial court, appear in that opinion.

On August 18, 1949, appellant filed his petition in the Lyon circuit court against Jess Buchanan, Warden of the Eddyville Penitentiary, seeking release from his imprisonment on the ground that the judgment of his conviction in the Marion circuit court was void and as a consequence his confinement was illegal. The court sustained the demurrer of appellee filed to the petition and dismissed it when petitioner declined to amend it, from which he prosecutes this appeal. It will thus be seen that he postponed his application for release from his imprisonment four years and eleven months, although it appears from his petition that he possessed full knowledge of the grounds he now urges for the relief he seeks.

In his petition he alleges as grounds for such relief the following reasons: (1) "Because the original records of the Court of Appeals and the Marion Circuit Court, upon which Petitioner relies to prove his cause of action are in the files of the Court of Appeals. (2) Because the Petitioner is unable to present all of his evidence in this petition. (3) Because the Petitioner has the inalienable right to be heard by himself."

Elaborating those reasons he proceeds in his petition to charge that certain witnesses, who testified in the case, committed perjury in giving their testimony against him and that one of his counsel, Henry Boldrick, committed subornation of perjury in procuring such false testimony.

At appellant's trial the only member of his three employed counsel who examined witnesses and who appears to have conducted the trial alone, was P. K. McElroy, who the defendant did not accuse of entering into any such alleged collusion. However, petitioner does allege that McElroy "did not honestly, properly, fully and diligently present his defense or protect his legal rights upon his trial," and that he "refused to introduce evidence that he had at hand and refused to cross examine the witnesses to bring out any facts in behalf of your petitioner, and refused to ask Louella Watson, the only witness to testify in behalf of petitioner that was present at the time of the shooting, if the deceased (Lundy) drew his gun first." (Our parenthesis).

We have read the record of appellant's trial at which he was convicted and it contradicts every ground stated by appellant in his petition herein except possibly the alleged collusion and subornation of perjury of Henry Boldrick, who did not participate in the trial.

It is the universal rule approved by all the courts of the country, as well as text writers—and many times by this court—that the writ of habeas corpus is not available to relieve one convicted of a crime from the punishment inflicted unless the convicting judgment is void and that a judgment is not void though prejudicial errors may have been committed during his trial resulting in the conviction which would be grounds for a reversal on appeal. Furthermore, that a judgment is not

void if the trial court had jurisdiction of the subject matter and the person of the litigant attacking it.

The very recent case of Hoskins v. Buchanan, 1949, 311 Ky. 246, 223 S. W. 2d 904, is one of the many recent cases referred to supra whereby a convicted prisoner in the Eddyville or LaGrange Penitentiary sought release by the same character of procedure here invoked. In pointing out the limitations of the use of the writ of habeas corpus as approved and applied by this and all other courts we cited the cases of Jones v. Commonwealth, 269 Ky. 772, 108 S. W. 2d 812, and 269 Ky. 779, 108 S. W. 2d 816; Anderson v. Buchanan, 292 Ky. 810, 168 S. W. 2d 48; Smith v. Henson, 298 Ky. 182, 182 S. W. 2d 666, and Adams v. Tuggle, 300 Ky. 751, 189 S. W. 2d 601. Additional recent cases to the same effect are: Commonwealth v. Crawford, 285 Ky. 382, 147 S. W. 2d 1019; Stonefield v. Buchanan, 289 Ky. 386, 158 S. W. 2d 970; Oakley v. Franks, 289 Ky. 605, 159 S. W. 2d 415; Smith v. Buchanan, 291 Ky. 44, 163 S. W. 2d 5, 145 A. L. R. 813; Ward v. Hurst, 300 Ky. 464, 189 S. W. 2d 594, and Sprinkles v. Downey, 302 Ky. 822, 195 S. W. 2d 760. We also referred in the Hoskins opinion to the text under the subject of Habeas Corpus, 25 A. J. 150, sec. 10; Id, page 151, sec. 13, and Id, page 155, sec. 19. In some, if not all of the listed domestic cases and texts it is broadly stated that the remedy of one in the condition of appellant to obtain relief from his imprisonment, after employing without success remedies open to him by appeal or otherwise, is to apply to the Chief Executive of the State for clemency. It follows that the court did not err in sustaining appellee's demurrer filed to the petition.

Wherefore, the judgment is affirmed.