## Wolford v. Buchanan.

September 29, 1950.

Ira D. Smith, Judge.

Emerson Wolford, pro se.

A. E. Funk, Attorney General, and John B. Browning, Assistant Attorney General, for respondent.

JUDGE LATIMER—Affirming.

Emerson Wolford, an inmate in the State Penitentiary at Eddyville, filed his petition in the Lyon Circuit Court seeking a writ of habeas corpus. The respondent, Warden W. Jess Buchanan, filed demurrer to petition, which was sustained. The petitioner was granted an appeal to this Court.

He is here urging reversal. He contends that the indictment in the Pike Circuit Court, where he was tried and convicted, charged him with two separate offenses, in that the first count charged him of housebreaking, and the second and third counts charged two former convictions for felony. He says that punishment at Life imprisonment, which was fixed without his even having been found guilty of the first count, is so excessive and unusual as to be repugnant to the constitutional guarantees. It is insisted further that he has been deprived of the benefits of due process in that the court failed to appoint counsel to defend him; did not advise him at the beginning of the trial concerning his legal rights; and that the court had no legal right to instruct the jury to find him guilty when in fact he had not pleaded guilty.

In his affidavit petitioner discloses a rather convincing story concerning a stolen radio, which was the basis of the indictment for housebreaking. But, it will be noted that this affidavit further discloses that the petitioner, upon being arrested under the indictment, secured the services of attorney, W. A. Daugherty, who stated: "You have nothing to worry about for they have no case against you", but who, on the day of the trial, told the petitioner: "I can't do anything for you so I am not going to defend you"; that the petitioner, when asked by the trial judge what his plea was, replied: "I am guilty of having the radio in my possession, but I didn't steal it as I got it from Buddy Wolford"; that the judge then said: "That automatically makes you guilty." Whereupon, the judge then instructed the jury to find petitioner guilty of being an habitual criminal.

The record as presented to us, as taken from the Commonwealth Order Book of the Pike Circuit Court, shows this order:

"Commonwealth of Kentucky

VS. NO. 5250...Housebeaking & two Previous con-

victions of a felony...Jury and Verdict
Emerson Wolford

"This case being called for trial, the defendant being present in open court and in custody herein, waived arraignment and entered his plea of guilty herein. Thereupon came the following jury to-wit: Luke Mitchell, W. M. (Will) Davidson, John Clevinger, Roscoe Blackburn, J. C. Harrison, A. C. Burnett, Mrs. H. S. Damron, Willie Coleman, Leonard Bostic, Lee Clevinger, T. J. Adkins, and J. E. Stanley, who were duly selected and accepted by the parties and duly sworn as the law directs, and the jury having heard statement of the case by the Commonwealth Attorney, the defendant's plea of guilty herein, and the instructions of the Court, retired for deliberation and afterwards returned into court the following verdict to-wit:

" 'We the jury agree and find the defendant guilty and fix his junishment at confinement in the State Penitenitary for Life. T. J. Adkins, Foreman.'

"Thereupon the defendant was committed to the jail of Pike County to await sentence and judgment."

By petitioner's affidavit we see that he did have the benefit of counsel, and counsel selected by him. There is nothing to show here that the court was ever apprised of the fact that the selected counsel refused to continue his service. In the recent case of Gholson v. Commonwealth, 308 Ky. 82, 212 S.W.2d 537, we dealt with the questions of the duty of the court to appoint counsel and the waiver of rights to counsel. It was held in substance that the question to be determined in all such cases is whether or not it sufficiently appears that the accused was informed of his legal rights and intelligently waived his right to be represented by counsel. The complaint that petitioner never really pleaded guilty is in conflict with the record. Habeas corpus proceedings lie for relief of sentence imposed as punishment when the judgment is void and when the invalidating effects are shown in the record of the trial. Here the record order shows that the petitioner entered his plea of guilty.

The complaint that the indictment was bad, in that it charged two offenses, obviously, is a matter that must be taken advantage of by appeal. This was not done. See Commonwealth v. Crawford, 285 Ky. 382, 147 S.W.2d 1019, and Smith v. Buchanan, 291 Ky. 44, 163 S.W.2d 5, 145 A.L.R. 813. However, we may add that the inclusion of the second and third counts in the indictment, pursuant to KRS 431.190, known as the Habitual Criminal Act, are not charges of offense, but address themselves only to the penalty. See McIntyre v .Commonwealth, 154 Ky. 149, 156 S.W. 1058; and Allen v. Commonwealth, 272 Ky. 533, 114 S.W.2d 757.

We find no merit in the contentions of petitioner. We think the court properly sustained the demurrer.

The judgment is affirmed.