## VICKERY v. LADY et al.

Court of Appeals of Kentucky.

Dec. 18, 1953.

As Extended on Denial of Rehearing
Feb. 12, 1954.

T. Ernest Maholm, Indianapolis, Ind., for appellant.

J. D. Buckman, Jr., Atty. Gen., W. Owen Keller, Asst. Atty. Gen., for appellees.

WADDILL, Commissioner.

James C. Vickery, a prisoner in the Kentucky State Reformatory, appeals from a judgment of the Oldham Circuit Court dismissing his petition for a writ of habeas corpus.

During the year of 1942, Vickery was indicted in Hardin County on the charge of murder. He was released on bond pending trial and went to Indiana, where he was convicted in 1945 for the offense of armed robbery for which he was sentenced to serve 10 years in the Indiana State Reformatory. In 1947, while Vickery was serving his sentence in Indiana, the Governor of Kentucky requisitioned his return to Kentucky. The Governor of Indiana granted Vickery a "temporary parole" and extradited him to Kentucky. The Kentucky authorities delivered Vickery to Hardin County, Kentucky, where he was tried and convicted in December, 1947, of manslaughter, under the indictment for murder which had been pending against him since 1942. Judgment was entered by the Hardin Circuit Court sentencing Vickery to 15 years in

the Kentucky State Reformatory. However, the judgment provided that Vickery should first be returned to the Indiana State Prison,

".* * * pursuant to the requisition and extradition and other papers under which the said defendant was brought from Indiana to Kentucky for this trial and proceedings in Hardin County, Kentucky Circuit Court. * * *."

Vickery was then delivered to the prison authorities in Indiana. After Vickery was again confined in the Indiana State Prison he tested the legality of his confinement by habeas corpus. On December 30, 1952, the Indiana court ordered his release from prison in Indiana on the ground that he had been pardoned by the Governor of Indiana, but directed that Vickery be held until December 31, 1952, to allow Kentucky to act under a detainer it had filed against Vickery with the Indiana prison authorities.

On December 31, 1952, the sheriff of La Porte County, Indiana, the county in which the Indiana State Prison is located, appeared and took Vickery into custody and on January 3, 1953, delivered him to J. A. Nall, who had previously acted as the agent of the Governor of Kentucky in returning Vickery to Kentucky in 1947. Nall delivered Vickery to the jailor of Hardin County, Kentucky. Soon thereafter notice was served upon Vickery by the Commonwealth's Attorney of Hardin County, Kentucky, that a motion would be made on January 24, 1953, in the Hardin Circuit Court, for an order to be entered in that court directing the sheriff of Hardin to deliver Vickery to the State Reformatory at LaGrange, Kentucky.

Pursuant to that notice, Vickery was brought before the Hardin Circuit Court on January 24, 1953, and on motion of the attorney of the Commonwealth, Vickery was ordered by the court to commence serving the sentence theretofore imposed upon him by the court, and his custody was remanded by the court to the sheriff of Hardin County for his delivery to the Kentucky State Reformatory. That order was duly executed.

It is argued in appellant's behalf that his imprisonment in Kentucky is now illegal because Kentucky relinquished its jurisdiction over Vickery by surrendering Vickery to Indiana under an order issued by the Governor of Kentucky. We find that the record does not support the statement of fact upon which the contention is based. It is true that counsel for Vickery claims that the Governor of Kentucky ordered Vickery's release to Indiana subsequent to the time the judgment of conviction of Vickery was entered in the Hardin Circuit Court. However, no documentary exhibit appears reflecting such action by the Governor of Kentucky, nor is there before us any evidence which supports that contention.

Of course, under the circumstances, the Hardin Circuit Court was without power to order Vickery's return to Indiana, and therefore, the order of the court in that respect was void. Brabrandt v. Commonwealth, 157 Ky. 130, 162 S.W. 786. Yet, the fact that the judgment contained that order, which we construe to be surplusage, does not render the judgment void, because, at the time the judgment was entered and at the time Vickery was sentenced the court had jurisdiction of the offense and of the person of Vickery.

In disposing of appellant's contentions we have not overlooked the fact that the primary object of habeas corpus is to determine the legality of the restraint under which a person is held. But when, as in this case, there has been a judgment, a habeas corpus proceeding is a collateral attack on that judgment. It lies only where the judgment is void and does not lie to obtain a new trial or an appeal or release from custody by establishing error or disclosing some latent or hidden fact which may have affected the result. Department of Public Welfare v. Polsgrove, 250 Ky. 517, 63 S.W.2d 603; Jones v. Commonwealth, 269 Ky. 772, 108 S.W.2d 812; Glenn v. Porter, 292 Ky. 719, 168 S.W.2d 32; Smith v. Buchanan, 291 Ky. 44, 163 S.W.2d 5, 145, A.L.R. 813.

It is urged, however, that the court lost jurisdiction by its delay in imposing sentence on Vickery, and, therefore, it had no power to pronounce sentence upon him at a subsequent term of court. This contention is untenable for the reason it appears that the court promptly sentenced Vickery to prison following the verdict of conviction.

The court had no inherent power to grant an indefinite suspension of the sentence after it had been pronounced and to order Vickery's return to Indiana. This action was beyond and without the jurisdiction of the court; an attempted exercise of a power, not judicial, but wholly executive in its nature, and therefore of no effect. Being of no effect, the action of the court after judgment and sentence did not operate to set Vickery free. We find no denial of due process of law.

The judgment of the court dismissing the petition for the writ of habeas corpus is affirmed.