**William Wallace OWEN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky et al.,**
**Appellee.**

Court of Appeals of Kentucky.

June 17, 1955.

Wm. Wallace Owen, pro se.

J. D. Buckman, Jr., Atty. Gen., W. Owen Keller, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

William Wallace Owen, confined in the state penitentiary under a sentence of life imprisonment without privilege of parole, upon conviction of rape, sought release through petition to the Lyon Circuit Court for a writ of habeas corpus, maintaining that his conviction was void. The court dismissed his petition, and he has appealed. He is proceeding without benefit of counsel.

His petition alleges that he was convicted and sentenced in the Jefferson Circuit Court, in January 1947, upon a plea of guilty; that although the judgment recites "the defendant" withdrew his former plea of not guilty and entered a plea of guilty, the fact is that he did not enter the plea in person, as required by section 173 of the Criminal Code of Practice, but it was entered by his attorney without his consent and over his objections; that he did not openly protest to the court at the time the plea was entered, because he had been placed in fear through threats of the Commonwealth's attorney that the death penalty would be imposed if he should demand a trial; but that when the court asked him if he had any reason why sentence should not be pronounced, after the verdict fixing punishment had been returned, he stated to the court that he had never agreed to the entry of a plea of guilty and he made violent objections to being sentenced without a trial.

A copy of the judgment, attached to the petition, recites that the defendant withdrew his initial plea of not guilty and entered a plea of guilty. It further recites that when asked if he had any cause to show why judgment should not be pronounced against him, the defendant showed none.

It is elementary that a petition for a writ of habeas corpus to obtain release from confinement under a judgment of conviction of a crime constitutes a collateral attack upon the judgment, and will lie only where the judgment is void. Harrod v. Whaley, Ky., 239 S.W.2d 480; Vickery v. Lady, Ky., 264 S.W.2d 683; Commonwealth v. Crawford, 285 Ky. 382, 147 S.W. 2d 1019. The writ is not available to obtain relief from mere errors committed during the trial. Hoskins v. Buchanan, 311 Ky. 246, 223 S.W.2d 904; Wooten v. Buchanan, 311 Ky. 310, 223 S.W.2d 976. Furthermore, the writ will lie only where the invalidating defects are shown in the record of the trial. Smith v. Buchanan, 291 Ky. 44, 163 S.W.2d 5, 145 A.L.R. 813; Wolford v. Buchanan, 313 Ky. 512, 232 S.W.2d 1016. Even the denial of a constitutional right will not render a judgment void if the court had jurisdiction of the person and of the offense. Smith v. Buchanan, 291 Ky. 44, 163 S.W.2d 5, 145 A.L.R. 813.

Although the entry of a plea of guilty by the attorney, rather than by the defendant himself, constitutes reversible error, Johnson v. Commonwealth, 254 Ky. 775, 72 S.W.2d 472, there is no basis upon which it could be said to render the judgment void. Even if it could have that effect, it would be necessary, in order to sustain a writ of habeas corpus, that the fact of entry by the attorney be shown in the record. Adams v. Tuggle, 300 Ky. 751, 189 S.W.2d 601.

As concerns the alleged duress exerted upon the appellant, again he is faced with the fact that the record does not reflect any use of duress. In addition, we are of the opinion that the mere threat of the prosecuting attorney to seek the death penalty, which he was entitled to do, would not constitute such duress as to invalidate

the conviction. Cf. Kidd v. Commonwealth, 255 Ky. 498, 74 S.W.2d 944.

It is our opinion that the appellant has failed to establish any grounds for relief by way of a writ of habeas corpus.

The judgment is affirmed.