**M. W. THOMAS, Warden, and Jo M. Ferguson, Attorney General, Appellants,**

**v.**

**Floyd MAGGARD, Appellee.**

Court of Appeals of Kentucky.

May 9, 1958.

Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Asst. Atty. Gen., for appellants.

Isaac Turner, Hyden, for appellee.

CULLEN, Commissioner.

In July 1956, a judgment was entered in the Leslie Circuit Court convicting Floyd

Maggard of the offense of armed robbery, and sentencing him to a term of 21 years in the state penitentiary, in Lyon County. In October 1957, Maggard sought a writ of habeas corpus from the Lyon Circuit Court, on the ground that the judgment of conviction and the sentence were void. The court sustained the ground, and entered judgment that Maggard be released from the penitentiary, but that he be delivered to the "proper officers" of Leslie County "for such proceedings as it may be proper to have against the petitioner." The Attorney General and the Warden have appealed.

The statute governing armed robbery prescribes that the punishment shall be either life imprisonment or death. KRS 433.140. So the sentence of 21 years that was given Maggard was below the statutory minimum. The sentence further was unauthorized because it was imposed by the court without the intervention of a jury (upon a plea of guilty with advice of counsel). KRS 431.130, and Section 258 of the Criminal Code, authorize an agreement by the defendant, with advice of counsel, to waive a jury and permit the court to fix the punishment, but not in cases punishable by death.

Admittedly the judgment and sentence were erroneous. But the rule in this state is that habeas corpus is not available to obtain release from imprisonment under a judgment of conviction of a crime unless the judgment is *void*. Hoskins v. Buchanan, 311 Ky. 246, 223 S.W.2d 904. This Court also has adhered to the rule that a judgment of conviction of a crime is not void if the court had jurisdiction of the person of the defendant and of the offense charged. Owen v. Commonwealth, Ky., 280 S.W.2d 524. The latter rule may possibly be subject to some modification in a case where *constitutional rights* have been violated. See Berry v. Gray, Ky., 299 S.W. 2d 124. However, no constitutional rights are involved here.

The general rule in other jurisdictions is that a judgment imposing a sentence less than the minimum authorized by statute is not void, and affords no ground for discharge on habeas corpus. 39 C.J.S. Habeas Corpus § 26(f), p. 501; 24 C.J.S. Criminal Law § 1583, p. 112. Kentucky adheres to this rule. Commonwealth v. Crawford, 285 Ky. 382, 147 S.W.2d 1019; Day v. Bauer, 215 Ky. 335, 285 S.W. 207.

While the imposition of sentence without the intervention of a jury was not in accordance with the statute, because the offense was one punishable by death, this again did not render the judgment void. See Brown v. Commonwealth, Ky., 243 S. W.2d 885, in which it was held that the imposition by the court, without the intervention of a jury, of a sentence above the minimum penalty for the offense, in violation of KRS 431.130 and Section 258 of the Criminal Code, did not make the judgment void.

The judgment is reversed, with directions to enter judgment denying the petition.