**Henry WILLIAMS, Appellant,**

v.

**William L. JONES, Warden, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

Sept. 23, 1960.

Henry Williams, pro se.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

This is an appeal from a judgment denying a writ of habeas corpus.

The appellant and petitioner pro se, Henry Williams, was convicted in 1956 in the Knox Circuit Court upon a plea of guilty to the offense of armed assault with intent to rob and was sentenced by the court without a jury to life imprisonment. The statutory penalty for such an offense is "confinement in the penitentiary for twenty-one years or for life, or by death." KRS 433.150.

Under the provisions of KRS 431.-130 a trial court may, without the intervention of a jury, "fix the degree of punishment within the periods or amounts prescribed by law, except in cases involving an offense punishable by death." Because the offense for which he was convicted is one which may be punishable by death, the petitioner asserts his conviction is void and he should be released. There is no contention that the court did not have jurisdiction of both the offense and the person of the petitioner, the sole contention being that the sentencing in violation of the statute made the judgment of conviction void. This same contention was rejected in Thomas, Warden v. Maggard, 1958, Ky., 313 S.W.2d 271, 272, where we said in a somewhat comparable case:

"While the imposition of sentence without the intervention of a jury was not in accordance with the statute, because the offense was one punishable by death, this again did not render the judgment void. See Brown v. Commonwealth, Ky., 243 S.W.2d 885, in which it was held that the imposition by the court, without the intervention of a jury, of a sentence above the minimum penalty for the offense, in violation of KRS 431.130 and Section 258 of the Criminal Code, did not make the judgment void."

The constitutional right to trial by jury extends to the trial of the issue of guilt or innocence where a plea of not guilty has been entered and does not extend to the fixing of the penalty. Allison v. Gray, Warden, 1956, Ky., 296 S.W.2d 735.

The judgment is affirmed.