**Charles LYNCH, Appellant,**

v.

**William L. JONES, Warden, Kentucky State Penitentiary, et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 20, 1961.

Charles Lynch, pro se.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., for appellees.

BIRD, Chief Justice.

The trial court dismissed Lynch's petition for writ of habeas corpus. He appeals.

Charles Lynch, upon a plea of guilty, was convicted of rape and his punishment was fixed at twenty years in the penitentiary. He is now confined pursuant to that judgment.

We have only one question before us. Did the petition state a claim upon which a writ could issue?

Appellant in his petition contends that the judgment is void upon divers grounds.

Upon examination of the record before us we find that the trial judge fixed the punishment without the intervention of a jury. This was error. KRS 431.130. We hold, however, that this does not render the judgment void. Thomas v. Maggard, Ky., 313 S.W.2d 271; Williams v. Jones, Ky., 338 S.W.2d 693. The rule in this state is that habeas corpus is not available to obtain release from imprisonment unless the judgment of conviction is void. Hoskins v. Buchanan, 311 Ky. 246, 223 S.W.2d 904; Thomas v. Maggard and Williams v. Jones, supra.

The record submitted to us does not substantiate other charges of irregularities but, if true, they would not render the judgment void.

We find no reversible error in this action. The judgment is therefore affirmed.