**Preston LLOYD, Appellant,**

v.

**William L. JONES, Warden, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

March 17, 1961.

Preston Lloyd, pro se.

John B. Breckinridge, Atty. Gen., William A. Watson, Ray Corns, Asst. Attys. Gen., for appellee.

MONTGOMERY, Judge.

Preston Lloyd appeals from a judgment dismissing his petition for a writ of habeas corpus. Appellant is now serving a life sentence in the Eddyville penitentiary under judgment entered upon his plea of guilty to the charge of forgery and of being an habitual criminal. KRS 431.190. A previous effort to obtain relief by habeas corpus failed. Lloyd v. Jones, Ky., 339 S.W.2d 479.

The gist of the complaint is that the application of the habitual criminal statute to him amounted to an unjust and illegal discrimination and a denial of the equal protection of the law, in that others were not then prosecuted under it and appellant was the second person convicted under it in his county, in violation of Kentucky Constitution Section 2 and United States Constitution Amendment XIV. He relies on Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220, which does not support his contention that the judgment of conviction is void. In Graham v. State of West Virginia, 224 U.S. 616, 32 S.Ct. 583, 588, 56 L.Ed. 917, a conviction under an habitual criminal statute was upheld. The Court said: "All who were in like case with the plaintiff in error were subject to the same procedure."

The following is especially applicable to the similar contention made here, to-wit:

"The contention that illegal conduct on the part of the State's officers deprived petitioner of the equal protection of the laws hardly needs notice. The claim is that where officers violate the law so that some defendants are treated as was petitioner, and others are treated as the law requires, inequality and discrimination results which denies equal protection. The contention is frivolous. The record is bare of any proof to support it." Lisenba v. California, 314 U.S. 219, 62 S.Ct. 280, 285, 86 L.Ed. 166.

There is no contention that the trial court did not have jurisdiction of the person and of the offense charged. The writ was properly denied. Hoskins v. Buchanan, 311 Ky. 246, 223 S.W.2d 904; Wooten v. Buchanan, 311 Ky. 310, 223 S.W.2d 976; Thomas v. Maggard, Ky., 313 S.W.2d 271.

The pleading in the trial court and the appeal and brief in this Court have been prepared surprisingly well in form for one who presumably is untrained in the law. There are very strong indications that they were prepared by a member of the legal profession in complete violation and disregard of the spirit of CR 11, especially in view of the lack of merit shown. This appears to be a common practice; hence, it is suggested that any member of the legal profession who engages in this type of practice should abide by the principles contained in CR 11. Nothing herein is intended to deny any individual the right to represent himself.

Judgment affirmed.