**Clarence William UNDERWOOD and James Donald Miller, Appellants,**

v.

**William L. JONES, Warden, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

April 28, 1961.

 

lesser offense of Simple robbery under the Statute, that neither the Statute nor the Court of Appeals of Kentucky has defined an undescribed 'Screwdriver' as a 'deadly weapon,' that the Grand Jurors further say that in the perpetration of said robbery the defendants displayed and used a deadly weapon, to wit: 'Screwdriver.' "

It is argued that a screwdriver is not a deadly weapon within the meaning of KRS 433.140. While we do not reach the question under this procedure we remark that in State v. Belfiglio, 232 Mo. 235, 134 S.W. 508, it was held that such an instrument was under the circumstances a deadly weapon.

■ A writ of habeas corpus is not available except when the judgment or conviction is wholly void and under it relief may not be obtained because of errors committed by the court trying petitioner on an indictment against him. Hoskins v. Buchanan, 311 Ky. 246, 223 S.W.2d 904; Owen v. Commonwealth, Ky., 280 S.W.2d 524.

We have repeatedly held that a writ will lie only where the judgment attacked is void and not where it is merely erroneous and where the error could have been corrected on appeal.

■ It is firmly established that where the court has jurisdiction of the person and subject matter of the prosecution, habeas corpus will not lie for the release of a prisoner because of errors committed in course of the trial. The judgment entered in that trial must be void. See Brown v. Commonwealth, Ky., 243 S.W.2d 885, and cases cited therein. Thomas v. Maggard, Ky., 313 S.W.2d 271.

■ Appellants filed with their petition only an attested copy of the indictment. We have no other certification of proceedings or records in the original case which resulted in a conviction of these petitioners. We have held, however, that in cases involving a defective indictment the accused must attempt to correct it by a

Clarence William Underwood, James Donald Miller, Eddyville, appellants pro se.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

This is an appeal from a judgment of the Lyon Circuit Court which denied issuance of a writ of habeas corpus to petitioners, Underwood and Miller. Respondent, W. L. Jones, is warden of the Kentucky State Penitentiary at Eddyville and the petition alleges that he is unlawfully detaining them for the reason:

"(1) That the Jefferson Circuit Court, Criminal Division, at its December Term, 1959, caused to be founded an indictment No. 115703 purportedly based upon Kentucky Revised Statutes, Section 433.140, the Armed Robbery Statute, (2) that at the March Term, 1960 of the said Court, (the defendants) your petitioners were meted a life term of imprisonment on the aforesaid indictment which, it is herein alleged, stated and averred that, (3) The said indictment No. 115703 will not support a Conviction for Armed Robbery because it does not state the vital fact, differentiating Armed Robbery from the

direct appeal from the original judgment and if he fails so to do no relief will be granted in a habeas corpus proceeding. Wolford v. Buchanan, 313 Ky. 512, 232 S.W.2d 1016 and Harrod v. Whaley, Ky., 239 S.W.2d 480.

The judgment is therefore affirmed.