Cecil HINES, Appellant,

v.

COMMONWEALTH of Kentucky et al.,
Appellees.

Court of Appeals of Kentucky.

May 25, 1962.

Cecil Hines, appellant, pro se.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellees.

STANLEY, Commissioner.

The appeal is from a judgment denying discharge of the appellant, Cecil Hines, from the Kentucky State Reformatory in a habeas corpus proceeding.

The petitioner is confined under a judgment of the Pendleton Circuit Court for a term of five years upon his conviction of storehouse breaking. The indictment charged the commission of the crime "on or about the 28th of October, 1958, and before the finding of this indictment." The petitioner filed as exhibits a copy of the indictment and a purported letter from the Record Clerk of the Ohio State Penitentiary, dated February 11, 1961, reciting that Hines had been committed to that prison on December 11, 1957, upon conviction of burglary and a sentence of one to fifteen years. He was granted parole effective November 7, 1958, and was then released into custody of the Chief of Police of Paris, Kentucky, on a warrant of arrest. The petitioner also filed copy of record of the Kentucky State Reformatory listing dates of his several arrests and convictions according to the Federal Bureau of Investigation (F.B.I.), including a notation of the above Ohio conviction and release. He charged that when he was so released he was taken to Paris, Kentucky, and lodged in jail there and then in the Pendleton County jail until his trial.

These records, the petitioner says, show that he was continuously confined in a penal institution long before and at the time of the commission of the crime of which he was convicted in the Pendleton Circuit Court and, therefore, that he could not possibly have committed that crime. He states, further, that the trial court had appointed counsel to defend him, but he had "protected his rights not." Upon these allegations he insists that the "State flagrantly exceeded its authority and intentionally, willfully, illegally and unlawfully imprisoned your petitioner upon a false charge or charge that he cannot be guilty of," and in doing so the State had exercised "absolute and arbitrary power" and denied him due process of law in violation of §§ 2 and 11 of the Kentucky Constitution and the 13th and 14th Amendments to the Constitution of the United States.

A provisional writ of habeas corpus was granted, and the petitioner testified before the court, as the judgment recites. Release was denied. The record of the hearing is not before use.

In the brief pro se the appellant makes some statements that are not shown in the record and cannot, therefore, be considered.

■ In short, all of the allegations of the petition herein, other than conclusions that the judgment was void, are that on his trial the petitioner had a good defense, namely, an alibi, but he was convicted nevertheless. There was no appeal in which the sufficiency of the proof of guilt could have been reviewed. There is no basis for the argument that the judgment of conviction is void, which is the ground upon which discharge under writ of habeas corpus will be granted in this jurisdiction. Owen v. Commonwealth, Ky., 280 S.W.2d 524.

The judgment is affirmed.