**John SHARP, Petitioner,**

**v.**

**C. J. WADDILL, Judge, Hopkins Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Sept. 27, 1963.

John Sharp, pro se.

CULLEN, Commissioner.

John Sharp, a prisoner in the state penitentiary under a sentence of conviction from the Hopkins Circuit Court, made application to that court, in forma pauperis, for a transcript of the testimony at his trial. His stated reason for desiring the transcript was that he intended to institute a habeas corpus proceeding collaterally attacking the judgment of conviction on the ground that the court was without jurisdiction. He alleged that the transcript would show that "the alleged crime was not allegedly committed in Hopkins County." The circuit court denied the application. Sharp has filed a petition in this Court seeking an order of mandamus directing the circuit court to furnish him the transcript.

Venue in criminal cases is a "jurisdictional fact" put in issue by a plea of not guilty. Woosley v. Commonwealth, Ky., 293 S.W.2d 625; Anderson v. Commonwealth, Ky., 349 S.W.2d 826. However, it does not follow that an erroneous finding of venue, or even a complete failure of proof of venue, will render a judgment of conviction *void* so as to be subject to collateral attack.

The established rule is that where the jurisdiction of a court depends on a fact which the court is required to ascertain, the court has jurisdiction to determine that jurisdictional fact, and its judgment determining that fact is conclusive on the question of jurisdiction until set aside or reversed in direct proceedings; it cannot be attacked collaterally. Collins v. Duff, Ky., 283 S.W.2d 179; Strother v. Day, Ky., 279 S.W.2d 785. See also Weintraub v. Murphy, Ky., 240 S.W.2d 594.

Here, the Hopkins Circuit Court, in rendering a judgment of conviction of Sharp, necessarily determined the "jurisdictional fact" of venue. That determination is not subject to collateral attack. Toy Toy v. Hopkins, 212 U.S. 542, 29 S.Ct. 416, 53 L.Ed. 644. (Extended research by us has failed to disclose any recorded case in which lack of proof of venue in a criminal prosecution was held to be a ground for habeas corpus.)

The rule we are here invoking applies where there was an *issue of fact* on the trial as to whether the offense was committed within the territorial jurisdiction of the court. (That such was the situation in the instant case is evidenced by Sharp's allegation that the transcript of evidence will show a lack of venue.) If the record, apart from the *evidence on the issue of venue,* showed on its face that the offense occurred beyond the territorial jurisdiction of the court, perhaps the judgment would be subject to collateral attack. See discussion in Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455, and in State ex rel. Du Fault v. Utecht, 220 Minn. 431, 19 N.W.2d 706, 161 A.L.R. 1316.

Since the desired transcript of testimony would be of no avail for the purpose for which Sharp proposed to use it, the circuit court did not err in refusing to furnish it.

No question of violation of any constitutional rights is involved.

The petition is denied.