Ronald TIPTON and James Sprinkle,
Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 4, 1963.

Concurring Opinion Oct. 11, 1963.

As Modified on Denial of Rehearing
March 13, 1964.

Ronald Tipton, pro se.

James Sprinkle, pro se.

John B. Breckinridge, Atty. Gen., Joe
Nagle, Asst. Atty. Gen., Frankfort, for
appellee.

CULLEN, Commissioner.

Appellants, who are confined in the
penitentiary under a judgment of the Clark
Circuit Court convicting them of armed
robbery, filed motion in the Clark Circuit
Court, under RCr 11.42 to vacate the
judgment on the ground that the offense
of which they were convicted did not occur
in Clark County. Their motion was over-
ruled and they have appealed from the
overruling order.

The substance of appellants' claim
for relief was that there was an insuffi-
ciency of proof of venue at their trial.
In Sharp v. Waddill, Ky., 371 S.W.2d 14,
we have held that insufficiency of proof of
venue is not a ground for collateral attack
of a judgment.

RCr 11.42 does not authorize
relief from a judgment of conviction for
mere errors of the trial court. In order
for the rule to be invoked there must be a
violation of a constitutional right, a lack
of jurisdiction, or such violation of a stat-
ute as to make the judgment void and there-
fore subject to collateral attack. Though
designed to furnish a new and more satis-
factory *form* of remedy than habeas corpus,
the rule does not establish any new grounds
of remedy (with the possible exception of
the imposition of a sentence in excess of
that authorized by law).

■ The basis of appellants' motion is not one on which a judgment could have been collaterally attacked. Accordingly, the court properly overruled the motion.

The order is affirmed.

MOREMEN, J., concurring in the result.

MOREMEN, Judge (concurring).

I concur with the result obtained by the majority opinion. The bystander's bill of evidence and the admission of appellants in the statement of facts in their brief disclose that the crime began in Campbell County and was consummated in Clark County. Under KRS 431.020 (now reenacted as KRS 452.630) where there is a doubt in the opinion of the circuit court of the county in which the indictment is found as to whether the offense was committed in that county or in some other county—the court of the county in which the indictment was returned shall have jurisdiction (in the sense of venue) of the offense. Appellants were properly tried in Clark County.

I believe that the interpretation of the purpose and meaning of RCr 11.42 is incorrect. If it is correct, then the adoption of the rule was a futile gesture, because it offers no broader remedial scope of inquiry than did the ancient writ of habeas corpus.

The majority opinion assumes, first, that an action under RCr 11.42 is a collateral attack upon the first judgment. I understand that a judgment of a court of general jurisdiction cannot be "collaterally attacked" either in the court which rendered it or in any other court, unless the judgment is void— White v. White, 294 Ky. 563, 172 S.W.2d 72 —but all attacks upon judgments are not classified as being indirect. The old Civil Code of Practice, Sections 344, 414 and 518 provided and CR 60.02 provides methods for direct attack and we have never applied to these procedures the strict rules used when the attack is collateral. When the new criminal rule was proposed, I, alone, seem to have had the impression that under cer-

tain conditions the attack was frontal. (I am supported to some extent in this view by the comment in published copies of the rule which reads: "RCr 11.42 supplements CR 60.02 and provides a post-conviction review procedure consistent with the trend of U. S. Supreme Court pronouncements.")

A pertinent part of RCr 11.42, reads:

"A prisoner in custody under sentence who claims a right to be released on the ground that the sentence was imposed in violation of the Constitution or statutes of the Commonwealth or of the United States, or that the court imposing the sentence was without jurisdiction to do so, or that the sentence was in excess of that authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed the sentence to vacate, set aside or correct the same."

It may be noted that the motion to vacate the judgment will lie when the sentence is imposed:

1. In violation of the Constitution or statutes of the Commonwealth or of the United States.

2. When the Court imposing the sentence was without jurisdiction to do so.

3. When the sentence was in excess of that authorized by law or is otherwise subject to collateral attack.

Before the adoption of the rule, such defects might be reached and corrected by the writ of habeas corpus, but this right was subject to rigid limitations. Some of the restrictions were enumerated in Owen v. Com., Ky., 280 S.W.2d 524, where it was stated:

"It is elementary that a petition for a writ of habeas corpus to obtain release from confinement under a judgment of conviction of a crime constitutes a collateral attack upon the judg-

ment, and will lie only where the judgment is void. Harrod v. Whaley, Ky., 239 S.W.2d 480; Vickery v. Lady, Ky., 264 S.W.2d 683; Commonwealth v. Crawford, 285 Ky. 382, 147 S.W.2d 1019. The writ is not available to obtain relief from mere errors committed during the trial. Hoskins v. Buchanan, 311 Ky. 246, 223 S.W.2d 904; Wooten v. Buchanan, 311 Ky. 310, 223 S.W.2d 976. Furthermore, the writ will lie only where the invalidating defects are shown in the record of the trial. Smith v. Buchanan, 291 Ky. 44, 163 S.W.2d 5, 145 A.L.R. 813; Wolford v. Buchanan, 313 Ky. 512, 232 S.W.2d 1016. Even the denial of a constitutional right will not render a judgment void if the court had jurisdiction of the person and of the offense. Smith v. Buchanan, 291 Ky. 44, 163 S.W.2d 5, 145 A.L.R. 813."

On March 22, 1963, in Rice v. Davis, Warden, Ky., 366 S.W.2d 153, the rules were somewhat relaxed and the case was reversed on the ground that the accused was denied effective assistance of counsel which prevented him from obtaining an effective appeal. This was not shown in the record, but relief was granted. In this case it was stated:

> "We are changing the rule in Kentucky applicable to habeas corpus, so that it will conform to the federal rule, noted above. Therefore, to the extent our former holdings on this subject are in conflict with this opinion they are overruled."

The new rule apparently permits the use of the writ where "extreme irregularities" occur and they are such as render the judgment void. But the limitation that the judgment be void is still present and apparently to satisfy the old requirement that a collateral attack may only be made successfully on a void judgment.

I reiterate that in cases of a direct attack it is not required that the judgment be void, and I believe RCr 11.42 under the conditions specified permits a frontal attack.

It has been pointed out an attack on a judgment is collateral if made in any manner other than by a proceeding the very purpose of which is to impeach or overturn the judgment. Wilder v. Harris, 205 Ark. 341, 168 S.W.2d 804. RCr 11.42 appears to offer a direct remedy.