## LEE v. BUCHANAN.

Court of Appeals of Kentucky.

Feb. 5, 1954.

Freddie Lee, pro se.

J. D. Buckman, Jr., Atty. Gen., W. Owen Keller, Asst. Atty. Gen., for appellee.

DUNCAN, Justice.

This appeal is from the judgment in a habeas corpus proceeding refusing to discharge the appellant from prison terms now being served in Kentucky State Penitentiary. The sole question presented is whether or not appellant was denied the right of trial by jury in contravention of Section 7 of the Kentucky Constitution.

At the October, 1952 term of the Butler Circuit Court, appellant entered pleas of guilty to three indictments, two of which charged the offense of grand larceny and one the offense of breaking and entering into a storehouse of another. Without the intervention of the jury, the court sentenced him to three years on each indictment. Appellant insists that the failure to require the fixing of his punishment by a jury amounted to a denial of his constitutional guaranty of trial by a jury.

It is well established by the courts of this and other jurisdictions that the constitutional right of trial by jury applies only to the issue of guilt or innocence under a plea of not guilty. Ward v. Hurst, 300 Ky. 464, 189 S.W.2d 594, and Mack v. State, 203 Ind. 355, 180 N.E. 279, 83 A.L.R. 1349. The general rule is stated in 31 Am.Jur., Section 27, Page 575, Jury, as follows:

"The constitutional right of trial by jury is limited to the question of guilt or innocence, and does not extend to the determination of term of imprisonment or punishment. This follows since it was no essential part of a jury trial at common law that the jury should also fix the punishment if they convicted an accused. A statute requiring the infliction of the death penalty upon one convicted of killing a human being does not contravene a constitutional provision giving the jury in all criminal cases the right to determine the law and the facts. A fortiori, where a defendant pleads guilty of an offense charged, he is not constitutionally entitled to a jury trial in the determination of term of imprisonment or punishment. Also, the adoption of a new Constitution preserving the right of trial by jury 'as heretofore enjoyed' has been construed not to include the right, which has existed by statute for many years, of having the jury assess the punishment in criminal cases whenever there is an alternative or discretion in regard to it."

Prior to the 1952 amendment to KRS 431.130, there was a statutory requirement that the punishment to be inflicted within the periods or amounts prescribed by law should be fixed by a jury. The amendment, Acts of 1952, Chapter 43, Section 2, added to that section the following:

"* * * provided, however, that upon a verdict of 'guilty' or a plea of guilty or 'for the Commonwealth,' by agreement of the Commonwealth's Attorney and the defendant, with advice of an attorney, the court may, within its discretion, and without the intervention of a jury, fix the degree of punishment within the periods or amounts prescribed by law, except in cases involving an offense punishable by death."

Under the express provisions of the amendment, it was clearly within the power of the court to fix the period of imprisonment upon a plea of guilty. The record discloses that the appellant in entering the pleas of guilty upon which the sentences were pronounced was acting with the advice of an attorney.

The judgment is affirmed.