**568**

**Vanroe HICKS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 26, 1965.

Vanroe Hicks, pro se.

Robert F. Matthews, Atty. Gen., Frank D. Berry, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

This is an appeal from the trial court's order denying appellant's motion to vacate the judgment of the same court by which he had been sentenced to imprisonment for life upon his plea of guilty to violation of KRS 433.140 (armed robbery).

The basis for the motion, filed pursuant to RCr 11.42, and the sole basis urged on this appeal is the claim that the convicting judgment is void because appellant was found guilty and sentenced (upon his plea of guilty) by the trial judge, without the intervention of a jury. Since KRS 433.140 permits a sentence of death, it is reasoned that KRS 431.130 (as it existed in 1961 when the present conviction was had) forbids the judge's entering of sentence without a jury's verdict. Cf. RCr 9.84, which now embodies the substance of former KRS 431.130.

There is no contention that appellant failed to appreciate the significance of his action; he had counsel, and had entered a plea of "not guilty," but withdrew that plea. The only penalties provided by the applicable statute are imprisonment for life or death. He received the lower one.

In cases arising under habeas corpus proceedings this Court has held that an accused may waive his right to trial by jury, even in those cases where a death sentence is within the permitted penalty. The opinions stand for the principle that it may be erroneous for a trial judge to impose a sentence, even less than the death penalty, if death is a permitted penalty—but such error does not render the conviction judgment void. See Lynch v. Jones, Ky., 342 S.W.2d 394; Williams v. Jones, Ky., 338 S.W.2d 693; Thomas v. Maggard, Ky., 313 S.W.2d 271. The same principle long has been accepted by the United States Supreme Court. See Adams v. U. S. ex rel. McCann, 317 U.S. 269 (1942), 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435; Patton v. U. S., 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263.

Since the judgment is not void, it is not subject to attack under RCr 11.42. Tipton v. Commonwealth, Ky., 376 S.W.2d 290.

The judgment is affirmed.