**Orville C. PERRY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 28, 1966.

Orville C. Perry, pro se, for appellant.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

STEWART, Judge.

This is an appeal from a judgment overruling Orville C. Perry's motion to vacate a judgment under RCr 11.42.

The record in this case shows that on the 23rd day of May, 1962, petitioner entered a plea of guilty to a charge of wilful murder and agreed that his punishment might be fixed by the circuit court at life imprisonment, and that he, on the same date, entered a plea of guilty to a charge of shooting and wounding with intent to kill and agreed that his punishment might be fixed by the court at 21 years in the penitentiary.

He had previously pleaded not guilty to both charges, but these pleas were with-

drawn upon the advice of his counsel. The Rowan Circuit Court entered a judgment sentencing petitioner in accordance with the agreement in each instance.

After petitioner filed his motion to vacate on November 5, 1964, the Rowan Circuit Court appointed two attorneys, John C. Fogle and John M. Prewitt, to represent petitioner. The trial court also set a hearing on the legal aspects of the motion, properly ruling, we believe, that no oral hearing for the presentation of evidence was necessary. Petitioner's motion was overruled upon the basis of the previous trial record. This appeal followed.

Petitioner makes two contentions. First, the judgment convicting him of murder and sentencing him to life imprisonment on his plea of guilty is void as lacking due process because no jury was sworn to fix his punishment. Secondly, the judgment fixing his punishment at 21 years, the maximum sentence upon his plea of guilty to the charge of wilful and malicious shooting with intent to kill (see KRS 435.170), is void because the court did not impose the minimum sentence for pleading guilty.

The constitutional right to a trial by jury extends solely to the trial of the issue of guilt or innocence, where a plea of not guilty has been entered, and does not encompass the fixing of the penalty. See Hicks v. Commonwealth, Ky., 388 S. W.2d 568; Williams v. Jones, Ky., 338 S.W.2d 693. This principle has long been upheld by the United States Supreme Court. See Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L. Ed. 268. Here petitioner entered a plea of guilty and the trial court was authorized to set his punishment at life imprisonment.

The judgment entered in May, 1962, denotes on its face that the 21-year sentence was imposed by the court under an agreement with petitioner and with the advice of his counsel. This procedure was authorized under the old Criminal Code of Practice, §§ 258 and 284, and KRS 431.130 (in effect at the time appellant was sentenced; see now RCr 9.84); and thus the judgment could not even have been overturned on direct appeal. See Hurt v. Commonwealth, Ky., 333 S.W.2d 951. A fortiori it cannot be reached via the narrower review authorized by RCr 11.42.

Wherefore, the judgment is affirmed.