**Jack INGRAM, Appellant,**

v.

**John W. WINGO, Warden, etc., Appellee.**

Court of Appeals of Kentucky.

May 2, 1969.

Morris E. Burton, Johnson & Burton, Frankfort, Jack Ingram, pro se, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment denying a writ of habeas corpus. In 1956 defendant pleaded guilty to the charge of willful murder and was given a life sentence. The basis of his petition is that his punishment was fixed by an improper jury. It appears the selected jury was unable to agree upon a verdict and the trial court thereupon excused the juror who could not agree and replaced him by another member of the panel. Section 258 of the Criminal Code, then in effect, provided that in cases where the offense was punishable by death, upon a plea of guilty the jury should fix the degree of punishment, which in this case was limited to life imprisonment or death.

Some question is raised about the procedural remedy invoked. However, in neither a habeas corpus proceeding nor in a proceeding under section 11.42 of the Criminal Rules is the possible alleged error a sufficient ground to authorize relief. It has been consistently held that even if the trial judge, without the intervention of a jury, fixes the punishment in this kind of case, the judgment is not void so as to require discharge of the defendant in a habeas corpus proceeding. Thomas v. Maggard, Ky., 313 S.W.2d 271; Lynch v. Jones, Ky., 342 S.W.2d 394. Similarly it has been held that such erroneous action by the trial court does not subject a judgment of conviction to attack under RCr 11.42. Hicks v. Commonwealth, Ky., 388 S.W.2d 568.

If a judgment entered without the intervention of a jury in a case of this nature

is not void, certainly a judgment entered upon the verdict of an improper jury, particularly when it fixes the minimum punishment, would not be void. The appellant was properly denied relief.

The judgment is affirmed.

All concur.