**Umberto ANGELO, Petitioner,**

v.

**James F. HOWARD, Warden, Kentucky State Reformatory, Respondent.**

**No. 1499.**

United States District Court,
E. D. Kentucky,
Covington Division.
April 30, 1970.

Umberto Angelo, pro se.

John B. Breckinridge, Atty. Gen., by James H. Barr, Asst. Atty. Gen., Frankfort, Ky., for defendant.

## MEMORANDUM AND ORDER

SWINFORD, District Judge.

Umberto Angelo, a prisoner in the Kentucky State Reformatory, at La Grange, petitions this court for a writ of habeas corpus. The petitioner, on a plea of guilty to the offense of willful murder, was sentenced to a term of life imprisonment without intervention of a jury. It is alleged that Kentucky's death penalty procedure places an impermissible burden upon the exercise of the sixth amendment right to a jury trial and effectively coerces guilty pleas. The petitioner contends that an accused charged with a capital offense finds himself in the awesome predicament of either pleading guilty to avoid the possible imposition of the death penalty by a jury, or in the alternative, to plead not guilty and exercise his sixth amendment right to a jury trial with the potential risk of incurring a death sentence. The petitioner cites United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968) as authority for his argument. In Jackson the statute under attack made no provision for imposing the death penalty after the defendant had pled guilty. It was, therefore, inadvisable for a defendant to submit his case to jury and risk a pronouncement of the death sentence when a plea of guilty assured no more than a life term. The Supreme Court held that the statute extorted guilty pleas and was repugnant to an accused's constitutional right to trial by jury. The petitioner claims that the same scheme of inducement is manifest by Kentucky's capital punishment statutes. However, this is not the case. RCr 9.84(2) which replaces KRS 431.130 reads as follows:

"(2) When the defendant enters a plea of guilty, the court may fix the penalty, except in cases involving offenses punishable by death."

RCr 9.84 prevents the court from fixing sentences in capital offense cases and guarantees a defendant's right to a jury trial. If a defendant pleads guilty then a jury must be impaneled to pass sentence. A plea of guilty does not fix the defendant's maximum sentence at life imprisonment as the petitioner asserts. There is no statutory law, or case authority which would preclude a jury from demanding the death sentence, notwithstanding the accused's guilty plea. RCr 9.84 is not unconstitutional because the defendant is subject to the same jeopardy whether or not he pleads guilty. Theoretically there is no benefit or assurance of mollification of sentence to be gained by pleading guilty, and therefore functionally no coercive force which would compel such a plea. In the

unreported case of Ruggles v. Commonwealth, the Court of Appeals considered the same question and determined that the Kentucky procedure was and is "quite different from that condemned in Jackson". The appellant in that case, on a charge of rape, was sentenced to life imprisonment by a jury after a plea of guilty. The court ruled the jury was under no statutory restraint which would have prevented them from imposing the death penalty. The principles set out in Jackson were also considered in the unreported case of Ford v. Commonwealth where the Court of Appeals concluded the Kentucky procedure did not impinge an accused's right to a jury trial.

The petitioner alleges that he was sentenced by the court without intervention of a jury which is contrary to law. This does not raise a question of constitutional magnitude. The Kentucky Court of Appeals, as well as the Supreme Court, has held that an accused may waive his right to trial by jury even in those cases where the permitted penalty is death. The Court of Appeals considered the language of RCr 9.84(2) in Hobbs v. Stivers, 385 S.W.2d 76 (1964) and stated:

"RCr 9.84(2) * * * permits the penalty to be fixed by the court after a guilty plea 'except in cases involving offenses punishable by death.' It is, therefore, an error for the court to pre-empt that function in a murder case, but the error is not of constitutional proportions and does not invalidate the judgment."

The same result was reached in Hicks v. Commonwealth, 388 S.W.2d 568 (Ky. 1965). See also Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942); and Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930).

For the reasons and authority stated in this memorandum, it is ordered that the petition be, and hereby is dismissed.