Tommy **LYONS**, Petitioner-Appellant,

v.

James F. **HOWARD**, Warden, Kentucky State Reformatory, Respondent-Appellee.

No. 20394.

United States Court of Appeals, Sixth Circuit.

Nov. 30, 1970.

Tommy Lyons, in pro. per.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., for appellee.

Before PECK and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Tommy Lyons, petitioner-appellant, appeals from an order of the United States District Court for the Western District of Kentucky, at Louisville, denying his petition for a writ of habeas corpus. The sole question raised by the appellant in his brief is that his plea of guilty was involuntarily made because it was induced by the unconstitutional Kentucky statutory scheme which required him to plead guilty in order to avoid the risk of the death penalty in a jury trial. He cites United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 in support of his claim.

The appellant was indicted by the Hardin County (Kentucky) Grand Jury for Armed Assault with Intent to Rob, under KRS 433.150. On January 19, 1962 he appeared before the State trial court and pleaded guilty to the charge. He was sentenced to a term of twenty-one years to be served in the Kentucky State Reformatory. The pertinent part of Section 433.150 is:

> "Any person who, with an offensive weapon or instrument, unlawfully and maliciously assaults another, * * * with an intent to rob * * * shall be punished by confinement in the penitentiary for twenty-one years or for life, or by death."

Effective June 16, 1966 the twenty-one year penalty was changed to not less than ten years. On motion to vacate the judgment on the ground that the appellant did not have effective assistance of counsel the trial court on October 20, 1965 reduced the sentence to twelve years. Another motion to vacate judgment, including the claim now made by the appellant, was filed in the trial court and overruled in April, 1969. The Kentucky Court of Appeals affirmed in October, 1969. Having exhausted his state

remedies the appellant filed his petition in the District Court.

The pertinent part of the Federal Kidnaping Statute involved in United States v. Jackson, supra, is,

> "Whoever knowingly transports in interstate or foreign commerce, any person who has been unlawfully seized * * * kidnaped, abducted, or carried away and held for ransom or reward * * *, shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed."

It is obvious that under this statute if a defendant is being tried on an offense where the victim was not released unharmed the only way he can avoid the risk of the death penalty is to plead guilty (Rule 11 F.R.Cr.P.) or waive a jury and be tried by the Court. (Rule 23 F.R.Cr.P.) As the Court said in United States v. Jackson,

> "The statute sets forth no procedure for imposing the death penalty upon a defendant who waives the right to jury trial or upon one who pleads guilty."

The Kentucky statute above quoted, under which the appellant was prosecuted is not analagous to the Federal Kidnaping Statute which is the subject of the Jackson case. There is no limitation in the Kentucky statute for the imposition of the death penalty. The defendant subjects himself to the death penalty whether he is tried before a jury, to the Court or pleads guilty.

At the time appellant entered his plea of guilty the applicable Kentucky law provided:

> "A jury by whom an offender is tried in any court of this Commonwealth shall fix by its verdict a punishment to be inflicted within the periods or amounts prescribed by law; provided, however, that upon a verdict of 'guilty' or a plea of guilty or 'for the Commonwealth', by agreement of the Commonwealth's attorney and the defendant, with the advice of an attorney, the court may, within its discretion, and without the intervention of a jury, fix the degree of punishment within the periods or amounts prescribed by law, *except in cases involving an offense punishable by death.* * * *." KRS 431.130. (Emphasis added.)

Under this statute only a jury could inflict the death penalty and it was the duty of a trial judge on a plea of guilty to an offence which provided death as a permissive penalty to empanel a jury to fix the penalty. The same would be true of a finding of guilt by a judge in a trial to the court since there is no provision under Kentucky law for a judge to impose the death penalty.

In Hicks v. Commonwealth, Ky., 388 S.W.2d 568, the Court said,

> "The opinions stand for the principle that it may be erroneous for a trial judge to impose a sentence, even less than the death penalty, if death is a permitted penalty—but such error does not render the conviction judgment void."

See also cases cited in opinion. Thus, while appellant's sentence is erroneous it is not void. A defendant could have no assurance of escaping the death penalty by a plea of guilty.

We hold that the Kentucky statute under which the appellant was prosecuted is not unconstitutional and that the appellant was not forced to plead guilty to avoid the risk of the death penalty.

Affirmed.