John B. Breckinridge, Atty. Gen., James B. Wooton, Jr., Asst. Atty. Gen., Frankfort, for appellee.

**Raymond C. ELLIS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 29, 1971.

EDWARD P. HILL, Jr., Judge.

This appeal is prosecuted from a judgment overruling after a thorough oral hearing appellant's motion to vacate a judgment convicting him of armed robbery. (RCr 11.42.) We affirm.

While appellant was confined in the McCracken County jail awaiting trial on the charge of armed robbery, a jailbreak was attempted, in which a deputy jailer received serious personal injuries. Appellant was charged with and convicted of a crime growing out of the attempted jailbreak and stabbing of the deputy jailer. Some days prior to the date of his trial on the charge of armed robbery, and subsequent to the attempted jailbreaking incident, the appellant appeared in open court in the presence of his counsel and announced that he desired to withdraw his previously entered plea of not guilty and to enter a plea of guilty to the charge. Pursuant to the plea of guilty and a waiver of jury trial, the presiding judge, the Honorable C. Warren Eaton, accepted the plea and found appellant guilty and fixed his punishment at life imprisonment.

Appellant now says that his conviction should be vacated on the following

grounds: (1) He was coerced and intimidated under fear of bodily harm to change his plea of not guilty to a plea of guilty; (2) the trial court failed to make "adequate inquiry of the voluntariness" of his guilty plea; (3) the trial judge erred in fixing his punishment "without the intervention of a jury since armed robbery is a capital offense"; and (4) his constitutional rights were violated by the Commonwealth Attorney's interrogation of him without advising him of his rights, particularly to have an attorney present.

■ Ground one is based on appellant's contention that after the attempted jailbreak he was placed in solitary confinement and was given a "starvation" diet for some days. The Commonwealth admitted at the hearing that appellant was placed in solitary confinement and was given a limited diet for some days but was restored to the usual three meals a day prior to the date of his guilty plea. Without burdening the record with detailing all the evidence on this question, it is sufficient to point out that the trial judge who accepted the guilty plea testified at the hearing that he made diligent inquiry as to the voluntariness of the guilty plea. The trial judge who presided at the hearing on the motion to vacate (Judge Price) heard the evidence and we think properly found there was no coercion or intimidation exerted over the appellant, but that he freely and voluntarily entered the plea in the presence of and with the obvious consent and approval of his attorney. See Cunningham v. Commonwealth, Ky., 447 S.W.2d 81 (1969).

Appellant's second ground has been treated with the first.

■ Appellant's third ground is without merit under the authority of Angelo v. Howard, 311 F.Supp. 1236 (1970); Perry v. Commonwealth, Ky., 407 S.W.2d 714 (1966); and Ingram v. Wingo, Ky., 440 S. W.2d 264 (1969).

The fourth and final argument is entitled to no better fare than his previous three have received under the rules in Thomas v. Commonwealth, Ky., 437 S.W. 2d 512 (1969).

The judgment is affirmed.

All concur.