**Royal HAYES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 14, 1971.

Rehearing Denied Oct. 8, 1971.

**602**

Joseph S. Freeland, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

The appellant was charged with sale and distribution of obscene literature in violation of KRS 436.101. The indictment was in four counts, charging: (1) sale of a magazine called "Puma," Volume 1, No. 1; (2) the sale of a magazine entitled "Modern Women," Volume 1; (3) the sale of a magazine styled "Angel," Volume 1, No. 1; and (4) the sale of a paperback book entitled "Crazy Wild Breaks Loose." The indictment charged that each of these publications was obscene and the appellant had knowledge of their obscenity when he sold and distributed them. The jury found all four of the publications to be obscene and convicted appellant of knowingly selling the three magazines, but acquitted him of selling the paperback book. A fine of $75 was imposed with respect to each of the counts of the indictment upon which appellant was found guilty. On this appeal the appellant seeks reversal, asserting that (1) KRS 436.101 is unconstitutional; (2) in any event, the material sold by the appellant is not obscene; (3) the court erroneously refused to permit appellant to waive trial by jury; and (4) appellant was subjected to discriminatory enforcement of the obscenity law in violation of his equal protection rights under the Fourteenth Amendment of the United States Constitution.

The attack upon the constitutionality of KRS 436.101 is premised on the assertion that the statute is fatally infirm because it does not require that the material be found "utterly without redeeming social value" as a condition precedent to its being determined obscene. The statute has heretofore been sustained in view of a similar attack in Cain v. Commonwealth, Ky., 437 S.W.2d 769, and more recently, in Smith v. Commonwealth, Ky., 465 S.W.2d 918. As noted in Smith, the reversal of Cain v. Commonwealth by the Supreme Court in Cain v. Kentucky, 398 U.S. 319, 90 S.Ct. 1110, 25 L.Ed.2d 334, was rested solely on the Supreme Court's determination that the material in Cain was not ob-

scene. The court adheres to the view that KRS 436.101 is constitutional despite the omission of the requirement that material be "utterly without redeeming social value" before falling within its proscription.

■ The appellant contends that the material in the magazines is, as a matter of law, not obscene. The three magazines depict females in various degrees of undress with primary emphasis in each photograph being upon the naked female pubic area. Without undertaking a more detailed analysis of the material, it suffices to say that the subject matter of the publications is in all respects similar to the subject matter which was before the court in Smith v. Commonwealth, supra, decided February 26, 1971. There it was held to be obscene. No basis for departure from that ruling is apparent.

The appellant filed written waiver of trial by jury and demanded that the law and facts be determined by the judge without the intervention of a jury. The Commonwealth's attorney objected to the motion. The trial court, over appellant's objection, proceeded to impanel a jury and submitted the case to the jury with the results which have already been noted. The appellant contends that he had the unqualified right to waive trial by jury and demand trial by the court. The Supreme Court dealt with a similar contention as respects trial in the Federal courts in Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630. The court considered the contention in Singer in light of Rule 23(a) of the Federal Rules of Criminal Procedure which provided:

"Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

No comparable rule or statutory provision is found in the Kentucky rules or statutes.

However, the rationale of Singer is applicable here. The Supreme Court observed that it could find no precedent indicating that the common law recognized any right of a defendant to choose between a court and jury trial. In discussing the question, the Supreme Court observed:

"The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right. For example, although a defendant can, under some circumstances, waive his constitutional right to a public trial, he has no absolute right to compel a private trial, * * *." Id. 380 U.S. 24, 85 S.Ct. 790, 13 L.Ed.2d, page 638.

■ The court is persuaded that there is no constitutional right, vouchsafed by the Federal or Kentucky Constitution, which grants a defendant in a criminal trial the unqualified right to be tried by a judge without the intervention of a jury. Even if the court were otherwise persuaded, the appellant here could not obtain reversal upon this account in view of RCr 9.-24 which provides:

"Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

In view of the many constitutional guarantees of the right to trial by jury, and in light of the universal acceptance of trial by jury as a due-process requirement, a criminal defendant cannot be heard to complain that he received a trial by jury when he wanted to be tried by the judge instead. In the absence of some specific showing that a substantial right of the defendant was adversely affected, no ground for reversal is presented in such circumstances.

The final ground advanced for reversal is the alleged discriminatory enforcement of the obscenity law in Paducah, the site of appellant's business. Appellant cites City of Ashland v. Heck's, Inc., Ky., 407

S.W.2d 421, and Gibson Products Company of Bowling Green v. Lowe, Ky., 440 S.W. 2d 793, in which injunctions were granted against prosecutions for alleged violation of the Sunday closing law in the particular circumstances of those cases. The appellant properly notes that the court condemned "obvious and flagrant" discriminatory enforcement of the law.

The claimed "obvious and flagrant" discriminatory enforcement of the obscenity statute is predicated upon the assertion that the Readmore Book Store in Paducah has operated for many years, whereas appellant had been operating his store for only a few months when the prosecution was instituted, and that material displayed and sold by Readmore has been as obscene as any of the material in the present case. The only prosecution against the operator of Readmore found its way to this court as is reflected in Austin v. Commonwealth, Ky., 386 S.W.2d 270. This court upheld a conviction in that prosecution, but the Supreme Court reversed upon the ground that the material was not obscene. See Redrup v. State of New York, 386 U.S. 767, 87 S. Ct. 1414, 18 L.Ed.2d 515. For the Commonwealth it was shown that the manager of Readmore has undertaken to comply with the obscenity laws. There was no showing that magazines of the type condemned in this case had been displayed or sold at Readmore. Certain books which had been purchased by appellant's counsel at Readmore had been the subject of litigation, and the Commonwealth's attorney explained that he did not believe successful prosecutions could be maintained for the sale of such books in light of the decisions of the Supreme Court concerning them. In the circumstances presented, there was no showing of constitutionally infirm discriminatory prosecution.

The motion for appeal is denied, and the judgment stands affirmed.

All concur.