**Charles DEBOSE, Appellant,**

v.

**Henry E. COWAN, Warden, Appellee.**

Court of Appeals of Kentucky.

Feb. 2, 1973.

Charles Debose, pro se.

Ed W. Hancock, Atty. Gen., J. T. Frankenberger, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Justice.

On March 3, 1971, appellant Charles Debose pleaded guilty to the charge of murder. Without the intervention of a jury, the court sentenced Debose to the penitentiary for life. Subsequently he sought post-conviction relief under RCr 11.42, which was denied to him by the circuit court. That judgment was affirmed by this court on October 20, 1972, in an unpublished opinion.

Debose filed a petition for habeas corpus on August 24, 1972, which relief was denied. He appeals from that judgment alleging, "Petitioner, brings his Habeas Corpus petition in good faith on the 'Single Ground' of an illegally imposed sentence." The gist of his petition is that he was entitled to a jury trial and that the court violated his rights in imposing the sentence without the intervention of a jury.

RCr 9.84(2) reads, "When the defendant enters a plea of guilty, the court may fix the penalty, except in cases involving offenses punishable by death." In Hicks v. Commonwealth, Ky., 388 S.W.2d 568 (1965), we wrote:

"In cases arising under habeas corpus proceedings this Court has held that an accused may waive his right to trial by jury, even in those cases where a death sentence is within the permitted penalty. The opinions stand for the principle that it may be erroneous for a trial judge to impose a sentence, even less than the death penalty, if death is a permitted penalty—but such error does not render the conviction judgment void. See Lynch v. Jones, Ky., 342 S.W.2d 394; Williams v. Jones, Ky., 338 S.W.2d 693; Thomas v. Maggard, Ky., 313 S.W.2d 271. The same principle long has been accepted by the United States Supreme Court. See Adams v. U. S. ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435 (1942); Patton v. U. S., 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263."

The Hicks decision is dispositive of the issue now raised; however, there are further answers.

RCr 11.42(3), a subsection of the rule which provides for post-conviction relief, says:

"The motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding."

Debose's failure to include the issue in his previous post-conviction relief proceeding foreclosed his right to seek it now.

Finally, KRS 435.010 authorizes only two penalties for the crime denounced by that statute—death or confinement in the penitentiary for life. Had a jury been impaneled, the penalty which it would have imposed on the plea of guilty necessarily would have been one of those two enumerated punishments. Debose was not prejudiced in any way by the act of the court in imposing the penalty without the intervention of a jury.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED and STEPHENSON, JJ., sitting.

All concur.