**COMMONWEALTH of Kentucky,
Appellant,**

v.

**Donald Herb JOHNSON, Appellee.**

**No. 94–SC–588–TG.**

Supreme Court of Kentucky.

Sept. 21, 1995.

Rehearing Denied Dec. 21, 1995.

Chris Gorman, Attorney General, Michael A. Wright, Assistant Attorney General, Special Prosecutions Division, David A. Smith, John E. Swain, Jr., Assistant Attorneys General, Criminal Appellate Division, Frankfort, for appellant.

Michael L. Williams, Kelly A. Gleason, Assistant Public Advocates, Capital Trial Unit, Frankfort, for appellee.

LAMBERT, Justice.

The issue on appeal is whether, upon an unconditional guilty plea, the Commonwealth is entitled to present its case for punishment to a jury for its verdict prior to imposition of final judgment. The trial court held that the Commonwealth was without any such right and this was in accord with appellee's contention. Pursuant to KRS 22A.020, the Commonwealth took an interlocutory appeal and we granted transfer.

On June 17, 1994, appellee Donald Herb Johnson entered an unconditional plea of guilty in the Perry Circuit Court to the charge of murder and to the charges of first degree robbery, first degree burglary, and two counts of first degree sexual abuse. His guilty pleas were accepted. Thereafter, the Commonwealth, seeking the death penalty, requested that the court empanel a jury for the purpose of recommending punishment. Appellee objected, insisting that he was entitled to have his punishment fixed by the trial court without recommendation or intervention of a jury. After briefs were filed and the parties heard, the trial court held that no jury would be empaneled and that it alone would fix punishment.

The Commonwealth contends that its right to insist upon a jury verdict as to punishment is secured by RCr 9.26(1) and numerous decisions of this Court including *Commonwealth v. Corey*, Ky., 826 S.W.2d 319 (1992). Appellee insists, to the contrary, that RCr 9.84(2) controls the outcome; that RCr 9.26 relates only to the determination of guilt and innocence; that *Commonwealth v. Corey* supports his contention; and that the Commonwealth's other cited cases were rendered

prior to adoption of RCr 9.84 with the result that they have little or no applicability to this case.

As indicated heretofore, the parties have debated at length the effect of *Commonwealth v. Corey* upon the case at bar. Each had found language and discovered meaning which is urged as outcome determinative. As such, it is necessary to carefully consider this authority to determine what effect it may have.

At issue in *Corey* was whether the trial court, over objection of the Commonwealth, could accept a conditional guilty plea which effectively prevented any sentence greater than life imprisonment. *Id.* at 320. We held that it could not on grounds that such had the effect, *inter alia*, of eliminating the Commonwealth from the process. We stated that whether to engage in plea bargaining is a matter reserved to the sound discretion of the prosecuting authority and quoted from *Commonwealth v. Reyes*, Ky., 764 S.W.2d 62 (1989), to the effect that there is no constitutional right to plea bargain. *Corey*, 826 S.W.2d at 321. To emphasize the Commonwealth's discretion as to whether it should plea bargain, we said that RCr 9.26 "seems to confer an absolute right to a jury trial upon either the defendant or the Commonwealth." *Id.* Clearly, however, there was no consideration of a case such as this in which the defendant's guilty plea is wholly unconditional.

For his *Corey* claim, appellee has embraced that portion which reiterates the absolute right of a defendant to unconditionally plead guilty to the crime charged. In circumstances where the prosecution is intransigent with respect to plea bargaining, a circumstance appellee contends prevailed here, *Corey* stated that a defendant could plead guilty and depend "on the wisdom of the trial court to impose an appropriate sentence." *Id.* From this, appellee concludes that he may "waive the jury experience" by entering an unconditional guilty plea and having punishment fixed solely by the trial court.

■ Despite a superficial appeal in appellee's contention, it fails to recognize that with or without a jury, the final sentencing determination will be by the court; that the jury verdict is no more than a recommendation. Thus, the right to have the trial court impose sentence upon a plea of guilty is not infringed by a jury verdict. Moreover, as with the Commonwealth's claimed right to a jury trial, in factually inapposite circumstances, appellee's contention is similarly flawed. Quite simply, *Corey* was decided in a context significantly different from that which prevails here. In view of the factual differences, appellee was on notice to make his guilty plea decision with due regard for the applicable rules of criminal procedure.

While we acknowledge that language in *Corey* is capable of being construed as supporting the views of either of these parties, we regard it as sufficient to say that the cases differ so greatly as to render *Corey* virtually irrelevant to the decision here.

■ The heart of this case is in a proper interpretation of RCr 9.26(1) and the extent to which it may have been modified by RCr 9.84(2). By its plain language, RCr 9.26(1) requires the consent of the Commonwealth as well as approval of the court for a defendant's waiver of a jury trial to be effective. Despite the absence of any limiting language, appellee contends that the jury trial contemplated by the rule is only the determination of guilt or innocence, and that RCr 9.84(2) secures his right to waive jury sentencing upon his unconditional plea of guilty. Appellee concedes, however, that prior to the 1989 modification of RCr 9.84, the Commonwealth would have been entitled to the relief sought here; that without RCr 9.84(2), RCr 9.26(1) would be controlling.

Appellee has argued persuasively that the Constitution of Kentucky fails to secure any right of jury sentencing; that the constitutional right to a jury trial secured by § 7 relates only to the determination of guilt or innocence. KY. CONST. § 7. *Lee v. Buchanan*, Ky., 264 S.W.2d 661 (1954); *Ward v. Hurst*, 300 Ky. 464, 189 S.W.2d 594 (1945); *Wilson v. Commonwealth*, 141 Ky. 341, 132 S.W. 557 (1910). The Commonwealth agrees with this interpretation and its validity would appear to be essentially beyond reasonable dispute. In reply, however, the Common-

wealth observes that it does not claim a constitutional right to jury-recommended sentencing and reiterates its exclusive reliance on RCr 9.26(1).

The reach of RCr 9.26(1) is limited to "cases required to be tried by a jury. . . ." Whether recommendation of punishment in a death penalty case is such a case is pivotal to the outcome here. Accordingly, we must examine the authorities to arrive at an answer. In circumstances not unlike these, in *Lycans v. Commonwealth*, Ky., 562 S.W.2d 303 (1978), the Court observed that "the Commonwealth had a right to and did select a jury to fix a penalty. . . ." *Id.* at 305. For this proposition, the Court relied upon *Commonwealth v. Howard*, Ky., 287 S.W.2d 926 (1956), an action for certification of the law in which the trial court had concluded that by virtue of a guilty plea, no evidence as to surrounding circumstances would be heard. Holding this to be error, and recognizing that the statutes provided different degrees of punishment for crimes depending on the facts and circumstances, the Court held:

> A plea of guilty does not prevent, or render unnecessary, the proof of all pertinent facts and circumstances that will aid the jury in assessing a proper penalty. We have frequently held that, following a plea of guilty, the Commonwealth may introduce evidence to increase the punishment to be inflicted, and the defendant may produce evidence in an effort to mitigate the punishment.

*Id.* at 927. These authorities, along with many others, make the facile assumption that either party is entitled to a jury trial and no particular distinction is made between the guilt and punishment phases of the trial. *Gall v. Commonwealth*, Ky., 607 S.W.2d 97 (1980); *Hayes v. Commonwealth*, Ky., 470 S.W.2d 601 (1971); and *Triplett v. Commonwealth*, 272 Ky. 714, 114 S.W.2d 1108 (1938). As such, we have encountered no authority which directly controls the issue here.

In death penalty cases, jury sentencing is deeply ingrained in Kentucky law. By virtue of statutes, rules of Court, and decisions, participation by a jury in this momentous governmental event has been regarded as indispensable except upon concurrence of all

involved. KRS 532.025; RCr 9.26; RCr 9.84; *Gall v. Commonwealth*, Ky., 607 S.W.2d 97 (1980). While the importance of a defendant's right to insist upon jury sentencing is obvious, the significance of the public's right of participation in the process should not be taken lightly. As the death penalty is a possible punishment for only the most heinous of crimes, and with due regard for the legitimate public interest in law enforcement, the verdict of a jury should be heard by the court prior to final sentencing except upon agreement of all parties.

Despite the language of RCr 9.26 and against the backdrop of our history and tradition of jury sentencing in death penalty cases, appellee asks that we construe RCr 9.84(2) so as to eliminate the Commonwealth's right to demand a jury when the defendant pleads guilty. This we are unable to do. RCr 9.84(2) would appear to have been enacted to eliminate any possible contention that a capital defendant's right to insist upon jury sentencing may be abridged. It recognizes that one accused of capital murder may be without a defense to the crime charged and wish to plead guilty, but nevertheless may seek punishment other than death from a jury based on a vast array of factors which might lead to such a conclusion. To construe RCr 9.84(2) as undermining the Commonwealth's right to insist upon a jury as secured by RCr 9.26 vastly exceeds the language used. If this Court, in exercise of its rule-making power, had desired to modify the plainly stated provision of RCr 9.26, it could have done so far more efficiently than by the indirect method urged by appellee.

In final analysis, proper resolution of this case may be achieved by construction of the rules and due regard for the decisions cited herein, albeit with recognition that our decisions are not dispositive. We need not extend *Commonwealth v. Corey*, Ky., 826 S.W.2d 319 (1992), nor comment upon constitutional claims.

For the foregoing reasons, the judgment of the trial court is reversed and this cause remanded for further proceedings consistent herewith.

STEPHENS, C.J., and FUQUA, LAMBERT, REYNOLDS and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents by separate opinion in which LEIBSON, J., joins.

LEIBSON, J., dissents by separate opinion.

STUMBO, Justice, dissenting.

Respectfully, I must dissent. The majority has recognized that the Commonwealth does not have a constitutional right to a jury trial since § 7 of the Kentucky Constitution relates only to the determination of guilt or innocence. *Lee v. Buchanan,* Ky., 264 S.W.2d 661 (1954); *Ward v. Hurst,* 300 Ky. 464, 189 S.W.2d 594 (1945); *Wilson v. Commonwealth,* 141 Ky. 341, 132 S.W. 557 (1910). Thus, the Commonwealth and the majority both rely on RCr 9.26(1), which is limited in application to "[c]ases required to be tried by jury...."

At this point in this case, a trial by jury is not required. Johnson has entered an unconditional guilty plea as provided by RCr 8.08. That plea was accepted by the trial court. Johnson's guilt having been established, and the constitutional right to a jury trial on that issue having been eliminated, only punishment remains to be determined.

Prior to January 1, 1989, RCr 9.84(2) provided that upon entry of a guilty plea, the court could fix the penalty "except in cases involving offenses punishable by death." Thus, as set forth in RCr 9.26(1), a jury would be "required" by RCr 9.84(2) and could only be waived with the Commonwealth's consent.

RCr 9.84(2) no longer requires jury sentencing in cases such as the one at bar. Upon entry of his guilty plea, the defendant now "*may* demand that his punishment be fixed by the jury." RCr 9.84(2). "May" is "an auxiliary verb qualifying the meaning of another verb by expressing ability, contingency, ... [or] possibility.... [Citation omitted]. Ordinarily a permissive, rather than a mandatory, term in a statute." *Ballentine's Law Dictionary* 785 (3d ed. 1969). Thus, jury sentencing has become permissive rather than required.

The majority states that "RCr 9.84(2) would appear to have been enacted to eliminate any possible contention that a capital defendant's right to insist upon jury sentencing may be abridged." That may have been true as to the pre–1989 version of the rule which made jury sentencing mandatory in death penalty cases, but certainly cannot be said of the current version. Indeed, even though the pre–1989 language seems mandatory in nature, this Court held in numerous cases that a jury could be waived. *Debose v. Cowan,* Ky., 490 S.W.2d 480 (1973); *Bevins v. Commonwealth,* Ky., 712 S.W.2d 932 (1986), *cert. denied,* 479 U.S. 1070, 107 S.Ct. 963, 93 L.Ed.2d 1010 (1987); *Hicks v. Commonwealth,* Ky., 388 S.W.2d 568 (1965). It is more likely, given the Court's recognition of lack of constitutional right to jury sentencing and the numerous opinions holding that the provision of the pre–1989 version of RCr 9.84(2) could be waived, that the 1989 amendment to that rule was meant to incorporate established case law into the criminal rules.

I would hold that upon entry of an unconditional guilty plea in a death penalty case, jury sentencing is required only upon the demand of the defendant. The Commonwealth has no constitutional right to jury sentencing, nor does it have a procedural one under our criminal rules.

LEIBSON, J., joins.

LEIBSON, Justice, dissenting.

Respectfully, I dissent. I concur in Justice Stumbo's dissent. I write further to express views not covered in Justice Stumbo's Dissenting Opinion.

The real issue here is whether the defendant is entitled, as KRS 532.025 contemplates, to an unimpaired and independent decision of the trial judge, when he is willing to plead guilty unconditionally. The penalty phase does not come within the scope of constitutionally protected right to a jury trial, for either the Commonwealth or the defendant. The statutory procedure provides for waiving the jury and contemplates *no* jury recommendation when this occurs.

In *Ward v. Commonwealth,* Ky., 695 S.W.2d 404, 408 (1985), I wrote, joined by Justice Vance, a Concurring Opinion, stating:

"While it is true that KRS 532.025(1)(b) provides that the jury shall 'recommend a sentence for the defendant,' the fact is when the jury votes the death penalty, it is much more than merely a recommendation. Unless the jury so recommends, the trial judge cannot impose such a sentence. If the jury so recommends, almost without exception the trial judge has followed the jury's recommendation by imposing the death penalty."

Few, if any judges in Kentucky, holding office at the will of the people by popular election, have failed to impose the death penalty after a jury recommendation that the death penalty be imposed. None to my recollection. The judge's decision against the death penalty is impaired by a jury's determination. The Majority Opinion never squarely confronts this issue. Defense counsel, at trial and on appeal, recognizing the ethical problem involved in questioning judicial integrity without proof, do no more than hint about it. Thus the Majority Opinion need not, and does not, confront it.

In *Bevins v. Commonwealth,* Ky., 712 S.W.2d 932 (1986), the defendant had plead guilty and waived the jury, and the court had imposed the death sentence. We affirmed against the claim that the appellant had not "knowingly, voluntarily and intelligently waived his fundamental constitutional right to a jury trial on the appropriate penalty," *Id.* at 933, stating:

"... the fact that a jury recommendation of the death penalty is not binding on the judge certainly does not mean that it is of no consequence when the time comes for the judge to perform his sentencing function. There was no error in accepting the guilty plea and waiving jury trial of the penalty phase." *Id.* at 934.

In *Matthews v. Commonwealth,* Ky., 709 S.W.2d 414 (1985), we stated:

"... we conclude from KRS 532.025 that the trial court's function in imposing the death penalty following a jury verdict is different from its function where no jury is involved." *Id.* at 423.

"... the statutory scheme not only permits, but anticipates, that the trial court will play a separate and different role in sentencing in capital cases after the jury's verdict has been received." *Id.* at 423.

It is the statutory duty of trial judges in death penalty cases to exercise separate and independent judgment as to whether this is a case that merits the death penalty. It is, quite simply, against human nature to expect and demand an elected trial judge do so after a jury verdict imposing the death penalty.