RENDERED: MARCH 13, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0120-MR

CARLOS FAULKNER ........................................................... APPELLANT

v.
APPEAL FROM KENTON CIRCUIT COURT
HONORABLE MARY K. MOLLOY, JUDGE
ACTION NO. 92-CR-00614

COMMONWEALTH OF KENTUCKY ........................................ APPELLEE

OPINION
AFFIRMING

\*\* \*\* \*\* \*\* \*\*

BEFORE: CALDWELL, L. JONES, AND TAYLOR, JUDGES.

CALDWELL, JUDGE: Carlos Faulkner ("Faulkner") appeals from the Kenton

Circuit Court's denial of his fourth CR[1] 60.02 motion for postconviction relief.

We affirm.

---

[1] Kentucky Rules of Civil Procedure.

## I. FACTUAL AND PROCEDURAL HISTORY

In 1992, a Kenton County grand jury indicted Faulkner for murder, burglary, and being a persistent felony offender ("PFO"). The Commonwealth filed a notice of its intent to seek the death penalty. Faulkner entered a guilty plea in 1993, but the Commonwealth and Faulkner had not reached a plea agreement.

The Commonwealth demanded that a jury be empaneled for sentencing purposes. The trial court denied the Commonwealth's motion and the Commonwealth did not appeal. The trial court sentenced Faulkner to life imprisonment without the possibility of parole for twenty-five years for murder and a PFO-enhanced sentence of life imprisonment for burglary.

Faulkner then began filing a series of postconviction motions. Including the CR 60.02 motion at issue in this appeal, he has filed four motions for relief under RCr[2] 11.42 and four motions for relief under CR 60.02.

We summarized Faulkner's earliest postconviction motions in an earlier appeal as follows:

> Since pleading guilty, Faulkner has extensively litigated the conviction. On November 21, 1996, nearly three years after entry of final judgment, he filed an RCr 11.42 motion to vacate, set aside, or correct sentence. The circuit court found the allegations entirely unsupported by the record, and sanctioned both Faulkner and his attorney for filing a frivolous motion. Faulkner did not appeal the denial of this RCr 11.42 motion, but instead

---

[2] Kentucky Rules of Criminal Procedure.

filed a successive RCr 11.42 motion on August 7, 2001, in which he presented a variety of issues, including an allegation that his indictment on charges of capital murder, first-degree burglary and PFO I was invalid. The circuit court denied the motion on November 28, 2001, concluding all of Faulkner's issues should have been raised in his initial RCr 11.42 motion. Faulkner appealed. A panel of this Court affirmed the circuit court, holding not only that Faulkner's arguments were procedurally barred by being an impermissibly successive RCr 11.42 motion, but also that his claims were without merit. [*Faulkner v. Commonwealth*, 2002-CA-000435-MR, 2003 WL 22025865 (Ky. App. Aug. 29, 2003) (unpublished).] Faulkner filed a third RCr 11.42 motion on August 1, 2006, the circuit court's denial of which was upheld by a panel of this Court on the basis of being a successive RCr 11.42 motion. [*Faulkner v. Commonwealth*, 2006-CA-002427-MR, 2007 WL 2285800 (Ky. App. Aug. 10, 2007) (unpublished).] On January 13, 2010, Faulkner filed his first CR 60.02 motion, which was denied by the circuit court on February 19, 2010, and not appealed. Faulkner filed a fourth RCr 11.42 motion, the denial of which was upheld by yet another panel of this Court on March 11, 2011. [*Faulkner v. Commonwealth*, 2010-CA-000427-MR, 2011 WL 832107 (Ky. App. March 11, 2011) (unpublished).] On April 1, 2016, Faulkner filed his second and successive CR 60.02 motion on the now-familiar grounds that he received an illegal sentence. The motion was summarily denied by the circuit court on April 20, 2016.

*Faulkner v. Commonwealth*, No. 2016-CA-000762-MR, 2017 WL 651989, at *1

(Ky. App. Feb. 17, 2017) (unpublished) (footnotes omitted).

The "sole issue" before us in 2017 was Faulkner's claim "that his

sentence was contrary to statute and thus illegal." *Id.* We again affirmed the trial

court's denial of Faulkner's second CR 60.02 motion because it was untimely and successive. *Id.* at *1-2. Due to the repetitive, fatally successive nature of Faulkner's persistent efforts to receive postconviction relief, we "direct[ed] the circuit court to deny all future requests for *in forma pauperis* status filed by Faulkner in an attempt to attack this same conviction again." *Id.* at *2.

Undeterred, Faulkner filed his third CR 60.02 motion in December 2022, arguing he was entitled to relief because the trial court's overactive role in the plea process rendered his plea fatally infirm. The trial court denied the motion and Faulkner's request to proceed *in forma pauperis*. Faulkner appealed only the denial of his *in forma pauperis* request. We dismissed the appeal in March 2023 "because *in forma pauperis* status is not necessary for the filing of a CR 60.02 motion in the circuit court." *See* March 16, 2023, Order Dismissing in *Faulkner v. Commonwealth*, 2023-CA-0163-ME.

That brings us to Faulkner's current motion, his fourth effort to obtain CR 60.02 relief. The gist, as we perceive it, of Faulkner's motion is his insistence, again, that his sentence was illegal because the trial court was too actively involved in plea negotiations. Faulkner also asserts the trial court erroneously denied the Commonwealth's motion for jury sentencing. The trial court denied Faulkner's motion without a hearing, after which Faulkner filed this appeal.

## II. ANALYSIS

The familiar standards governing our review of the denial of a CR 60.02 motion are as follows:

> We review the denial of a CR 60.02 motion under an abuse of discretion standard. The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. Therefore, we will affirm the lower court's decision unless there is a showing of some flagrant miscarriage of justice.
>
> Relief may be granted under CR 60.02(f) for any reason of an extraordinary nature justifying relief. A CR 60.02(f) motion must be made within a reasonable time . . . .
>
> The burden of proof falls squarely on the movant to affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief. To justify relief, the movant must specifically present facts which render the original trial tantamount to none at all.
>
> Our rules of civil procedure do not permit successive motions or the relitigation of issues which could have been raised in prior proceedings. Our courts do not favor successive collateral challenges to a final judgment of conviction which attempt to relitigate issues properly presented in a prior proceeding . . . .

*Stoker v. Commonwealth*, 289 S.W.3d 592, 596-97 (Ky. App. 2009) (internal quotation marks, citations, and footnotes omitted).

Faulkner's motion is unquestionably untimely, having been filed over thirty years after he was sentenced. *See, e.g.*, *Djoric v. Commonwealth*, 487

-5-

S.W.3d 908, 910 (Ky. App. 2016) (holding that a nearly thirteen-year delay in seeking CR 60.02 motion was unreasonable). Faulkner's motion is also unquestionably successive, since it is his eighth postconviction motion and his fourth CR 60.02 motion. Faulkner contends the trial court nonetheless should have granted him relief because an illegal sentence may be corrected at any time.

Our Supreme Court has held that "an illegal sentence cannot stand uncorrected." *Phon v. Commonwealth*, 545 S.W.3d 284, 302 (Ky. 2018). "Determining what should be a crime and setting punishments for such crimes is a legislative function." *Id.* at 303. Therefore, a court violates the separation of powers doctrine by imposing a sentence outside the penalty range set forth by the General Assembly. *Id.* In such a situation, "the defendant's timeliness in bringing the attack is immaterial." *Id.* Moreover, a movant whose sentence was illegal may even receive relief via a second or successive CR 60.02 motion. *Id.* at 288, 307 (noting the CR 60.02 motion at issue was the movant's second such motion but nonetheless concluding the movant's illegal sentence must be corrected).

However, Faulkner's sentence is not truly illegal, as that term is used in *Phon*. Our Supreme Court explained that its holding in *Phon* regarding illegal sentences being subject to correction at any time was exceedingly narrow: "We hold today that a sentence imposed beyond the limitations of the legislature as statutorily imposed is unlawful and void. This holding is narrow: only a sentence

-6-

that is illegal and was illegal at the time it was imposed would fall within this holding." *Id.* at 304. Faulkner has not shown that his sentence for murder or burglary exceeded the statutory limits set by the General Assembly.

Thus, Faulkner's latest CR 60.02 does not fall within the narrow holding of *Phon* by which a postconviction petitioner may receive relief even if the motion is grossly untimely and plainly successive. We could thus summarily affirm the trial court's denial of the motion on those grounds. Leniently, however, we will briefly explain why Faulkner is not entitled to relief on the merits.

Though he insists to the contrary, this is not the first time Faulkner has argued that he is entitled to relief due to the trial court's active role in the plea negotiation process. The current motion contains different phrasing, but the gist remains the same. For example, in our 2003 opinion affirming the denial of Faulkner's RCr 11.42 motion, we held that "Faulkner has failed to demonstrate that he was prejudiced in any way by the trial court's participation in the plea bargain process." *Faulkner*, 2003 WL 22025865, at *5. Faulkner also raised the same core issues in his third CR 60.02 motion, which he submitted in late 2022.

We acknowledge that our Supreme Court had concluded prior to Faulkner's guilty plea that "if the guilty plea has strings attached which limit the sentence which may be imposed by virtue of it, the Commonwealth must be a party to the agreement." *Commonwealth v. Corey*, 826 S.W.2d 319, 321 (Ky. 1992).

-7-

Faulkner's motion to enter guilty plea does not contain "strings," such as a commitment that Faulkner would receive a sentence less than death. On the contrary, the motion to enter guilty plea expressly acknowledges the penalty range includes the death penalty and provides that if Faulkner pleads guilty the trial court "may impose any punishment within the range provided by law . . . ." We are thus dubious that Faulkner has shown a violation of the principles announced in *Corey*.

Faulkner would not be entitled to relief even if we were to assume (solely for purposes of argument) that there nonetheless were "strings" attached to his guilty plea and that, under *Corey*, the trial court thus overstepped its bounds in the plea negotiation process. Faulkner has not shown how the court's involvement caused him to suffer specific, concrete prejudice.

The trial court's role in the plea negotiation process possibly interfered with the Commonwealth's right to negotiate plea agreements with a criminal defendant. However, Faulkner, as the criminal defendant, would have benefitted from the trial court's involvement in securing a "strings attached" plea agreement which the Commonwealth refused to offer. Faulkner cannot vicariously receive relief for an alleged denial of the Commonwealth's rights.

For whatever reason, the Commonwealth elected to not appeal the trial court's involvement in the plea process. The Commonwealth now actively opposes Faulkner's claims for relief based on that alleged denial of the

Commonwealth's rights. Faulkner received everything to which he was entitled pursuant to his guilty plea. Consequently, Faulkner has not shown how the trial court's role in the plea negotiations specifically violated his rights.

A similar result is required for Faulkner's assertion that the trial court erroneously denied the Commonwealth's motion for jury sentencing.

Not long after Faulkner was sentenced, our Supreme Court explicitly held that "[a]s the death penalty is a possible punishment for only the most heinous of crimes, and with due regard for the legitimate public interest in law enforcement, the verdict of a jury should be heard by the court prior to final sentencing except upon agreement of all parties." *Commonwealth v. Johnson*, 910 S.W.2d 229, 231 (Ky. 1995). The trial court thus seemingly erred when it denied the Commonwealth's motion for jury sentencing.

Again, however, Faulkner has not shown how any such error entitles him to postconviction relief over three decades later. Faulkner filed a response opposing jury sentencing during the original sentencing proceedings but now impermissibly wishes to completely change positions. The Commonwealth, not Faulkner, is the party who potentially suffered prejudice from the denial of its motion for jury sentencing. The Commonwealth chose not to appeal that decision, and it now actively opposes Faulkner's claims for relief based on that alleged error. Faulkner cannot vicariously assert (especially via a belated, successive

postconviction motion) an alleged violation of the Commonwealth's rights. Faulkner received everything to which he was entitled pursuant to his guilty plea. Faulkner has not shown how the trial court's denial of the Commonwealth's motion for jury sentencing caused him to suffer demonstrable, specific prejudice.

The end result is that we affirm the trial court's denial of Faulkner's CR 60.02 motion. We have examined the parties' briefs but conclude all issues or citations to authority raised therein which we have not addressed in this Opinion are without merit, are irrelevant, or are otherwise unnecessary for us to discuss.

Finally, we reiterate what we held in 2017 about the impropriety of successive postconviction motions:

> Every filing exhausts court resources. To most effectively use the court's limited resources, we may bar prospective filings to prevent the deleterious effect of such filings on scarce judicial resources. To that end, we direct the circuit court to deny all future requests for *in forma pauperis* status filed by Faulkner in an attempt to attack this same conviction again.

*Faulkner*, 2017 WL 651989, at *2 (quotation marks and citations omitted).

The Kenton Circuit Court shall deny any motion by Faulkner to appeal *in forma pauperis* to this Court from the denial of any future postconviction motions which are untimely, fatally successive, or raise arguments which should have been (or were) raised earlier.

-10-

### III.  CONCLUSION

For the foregoing reasons, the Kenton Circuit Court is affirmed.


ALL CONCUR.


BRIEF FOR APPELLANT:

Carlos Faulkner, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky